Malinda Lee WOODLEY (Plaintiff), Respondent,

v.

Ermine BUSH (Defendant), Appellant.

No. 28922.

St. Louis Court of Appeals.

Missouri.

Nov. 16, 1954.

Rehearing Denied Dec. 17, 1954.

Wilson & Wilson and Margaret B. Wilson, St. Louis, for appellant.

William C. Barnett and Alvin L. Mayer, St. Louis, for respondent.

WOLFE, Commissioner.

This is an action for damages arising out of personal injuries. The plaintiff rented and lived in one of a number of apartments in a building belonging to the defendant. She charged that while she was returning to the apartment over a walk in the rear yard of the apartment house she was caused to fall because the defendant had negligently failed to clean ice and snow from the walk and that there were holes and projections that made the walk dangerous. There was a verdict and judgment for the plaintiff in the sum of $7,500, and the defendant prosecutes this appeal.

Plaintiff was a laundress who worked by the day for various people. She resided at 4320 Washington Avenue in the City of St. Louis, where she rented a two-room fur-

nished apartment. It was one of seventeen apartments in the building.

At the front entrance to the house there were five steps reached by a concrete walk from the street. There was also a side entrance. At times the plaintiff used the front entrance and at other times, in going to and from her work, she would use the side entrance and leave or enter the premises by way of an alley that abutted in the rear. The plaintiff testified that on the morning of December 26, 1951, she left for work by going out the side door. She chose this exit because the steps leading down to the ground level were inside the building and the front steps were covered with ice and snow. The path the plaintiff traveled from the side door to the alley is not clearly established. She said that she went about 14 feet out from the side of the house. She had about 35 feet to. walk before reaching the alley. This area was covered with ice and snow. She said that there was a smooth concrete walk extending from the house toward the garage but that it did not go all the way. The alley that she entered was also covered with ice.

It was when the plaintiff was returning from work that she fell. She stated that she had walked eastwardly up the alley to the back of the yard and fell en route to the side door. Just where the plaintiff fell is not shown by the evidence. She said that she was following the same route that she frequently used.

Plaintiff put in evidence a certified copy of the records of the St. Louis Station of the United States Weather Bureau. This showed that there had been intermittent periods of freezing rain and snow from the 19th of December, 1951, up to and including December 26, which was the day that the plaintiff fell. On that day the report shows that snow fell from 6:00 a. m. to 6:30 a. m. and from 9:05 to 11:30 a. m.

The defendant called as a witness a man employed as caretaker of the apartments. He testified that he had spread rock salt on the walks throughout the period of ice and snow. He also testified that there was no walk leading from the apartment to the alley. Pictures of the rear area were introduced and they show no walk leading from the alley to the house.

The main point urged by the appellant is that a landlord is not liable for injuries to a tenant caused by the natural accumulation of ice and snow upon walks reserved by the landlord for the use of the tenants in a multiple dwelling house.

There is a well-established rule that where premises are let to several tenants, each occupying a different portion of the same house but two or more using the same halls, passageways, porches, etc., the landlord is held to have reserved such facilities for common use and. is consequently in control thereof. His duty under such circumstances is to use ordinary care to keep such places in a reasonably safe condition. Schneider v. Dubinsky Realty Co., 344 Mo. 654, 127 S.W.2d 691; Gray v. Pearline, 328 Mo. 1192, 43 S.W.2d 802; Allbritton v. Property Servicing Co., 361 Mo. 1041, 238 S.W.2d 401; Brewer v. Silverstein, Mo.Sup., 64 S.W.2d 289; Hieken v. Eichhorn, Mo.App., 159 S.W.2d 715.

There is, however, a further rule, which is stated in 52 C.J.S., Landlord and Tenant, § 417d, page 46, as follows:

"In the absence of statute or agreement, there is generally no duty on the part of the landlord to his tenant to remove from the roof, steps, or walk, snow or ice which naturally accumulates thereon, and he is not liable for injuries caused thereby. This rule applies also to such natural accumulations on sidewalks adjacent to houses rented to several tenants or to a building of which the landlord, as an occupant, is in control of a part."

It appears that the appellate courts of Missouri have never passed upon the matter, but the rule as stated in Corpus Juris Secundum finds support in a majority of the states. Rosenberg v. Chapman Nat. Bank, 126 Me. 403, 139 A. 82, 58 A.L.R.

1405; Boulton v. Dorrington, 302 Mass. 407, 19 N.E.2d 731; Burke v. O'Neil, 192 Minn. 492, 257 N.W. 81; Turoff v. Richman, 76 Ohio App. 83, 61 N.E.2d 486; Oerter v. Ziegler, 59 Wash. 421, 109 P. 1058. There are two cases by the Kansas City Court of Appeals which by way of dictum recognize and give sanction to the rule stating that the landlord "is not ordinarily liable for obstructions arising from natural causes or from the acts of other persons * * *." Henry v. First Nat. Bank, 232 Mo.App. 1071, 115 S.W.2d 121, 127; Morelock v. De Graw, 234 Mo.App. 303, 112 S.W.2d 126. Since these cases did not deal with ice and snow they are not cited as authority for the rule.

The Ohio case of Turoff v. Richman, supra, likens the liability of a landlord to that of a municipality where one seeks to hold it liable for injuries caused by reason of the icy condition of a sidewalk. Both the landlord and the city are charged under the law with the exercise of reasonable care to remedy dangerous conditions and since their respective duties are analogous it appears reasonable that their liability should be the same. The rule as to municipal liability was stated by our Supreme Court in Walsh v. City of St. Louis, 346 Mo. 571, 142 S.W.2d 465, loc. cit. 466, as follows:

"'A city is not required to remove snow and ice from its sidewalks where such condition is general throughout the city. It is, however, the duty of the city to exercise reasonable care to keep its sidewalks free from dangerous conditions, which are not classed as a generally dangerous condition, produced by natural causes such as snow and ice.'"

■ This appears to be reasonable for where the condition is one general to the community it creates a natural hazard to everyone who ventures out at such time. The condition is brought about by no one and no one's efforts can appreciably lessen the danger present. As applied to the state of facts before us, the alley through which the plaintiff walked was just as icy as the premises upon which she lived, so that when she was on her way to and from work she was at all times subject to the danger of slipping. Had there been a clear walk to the alley it would have afforded her sure footing but for a very few feet and left her confronted with an icy road for the rest of her way. Thus any effort of the landlord would in fact only diminish the natural hazard to a very negligible degree.

The logic of the majority of the cases is consequently impelling and the landlord should not be held liable to a tenant for injuries caused by a natural accumulation of ice and snow general to the community.

■ There was testimony by the plaintiff that she phoned the landlord and the custodian and told them that the walks were icy and there was evidence as stated that rock salt had been spread upon the walks from time to time. Based upon this evidence the respondent asserts that where the landlord assumes the task of cleaning the walks he is under a duty to do so. Such a proposition is not before us as the case was not submitted upon any such theory.

■ It is also evident that there was a failure to prove that the place where plaintiff fell was a walkway reserved for the use of tenants. She said that she quite often used the route that she traveled on the 26th day of December, but this does not show that it was a passageway in common use for two or more tenants. There is no showing that the plaintiff was on a walk at the time she fell. It appears that she was attempting to cross the back yard and it could certainly not be contended that there was a duty upon the landlord to keep the whole yard free from ice and snow.

For the reasons stated, it must be concluded that no case was or could be made upon the state of facts present and the court erred in refusing defendant's motion for a directed verdict. Your Commissioner therefore recommends that the cause be reversed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed.

RUDDY and BENNICK, JJ., and DAVID A. McMULLAN, Special Judge, concur.