**Mary ROOT, Plaintiff-Appellant,**

v.

**Bessie HENRY, Defendant-Respondent.**

No. 31835.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1965.

Morris A. Shenker and Frank B. Green, Jr., St. Louis, for plaintiff-appellant.

Don B. Sommers, Gray & Sommers, St. Louis, for defendant-respondent.

WOLFE, Presiding Judge.

This is an action against a defendant landlord by Mary Root for damages arising out of an injury she sustained when she slipped and fell while entering a rooming house where she lived. There was a verdict in favor of the plaintiff in the sum of $8,000. The defendant filed a motion for judgment in accordance with her motion for a directed verdict filed at the close of the evidence. The court sustained this motion and entered a judgment for the defendant. The plaintiff prosecutes this appeal.

It is of course here contended that the plaintiff made a case properly submissible to the jury and that the court erred in entering a judgment for the defendant.

The facts are that the plaintiff, who was 60 years of age, was employed in a laundry which was five blocks from the place where she lived. On December 1, while at work, she noticed from the window, at about two or two-thirty, that it was raining and freezing. This continued and it was still raining and freezing as she quit work at four-thirty. When she left work she crossed the street and bought a loaf of bread and then walked the five blocks to her home. She did not arrive there until about five fifteen. It took her forty-five minutes

to buy the bread and walk from the laundry because the sidewalks were very slippery and slick. It was still misting rain and freezing as it fell.

The place where the plaintiff lived was owned by the defendant. It was a rooming house and the plaintiff occupied two rooms on the second floor. The front of the main part of the house was about twenty-five feet from the public sidewalk. There was a one story building in front of the main house and attached to it. This contained a confectionery which the defendant operated. It extended out to the front sidewalk. Flanking the east wall of the confectionery there were four steps leading up to a walk. This walk, also adjacent to the east wall of the confectionery, led to steps that went up to the front door of the main building.

The plaintiff testified that as she reached the sidewalk in front of the house she could see that salt had been spread upon it and on the steps that went up to the walk leading to the door. She could see this by reason of the street light but it was quite dark at the time and as she reached the walk leading to the steps that went up to the front door and she could not see the walk. She said that she could feel salt on the walk with her feet but that it was still raining and that the rain had frozen over the salt and it was slick.

Carrying a loaf of bread in one hand and her handbag in the other she went up the walk to the steps by the front door. She placed her left foot on the first step and as she did so and put her weight upon it she slipped and fell. She said she did not feel any salt with her foot as she placed it on the step where she slipped. Her fall caused her to break her ankle but the evidence relating to her injury need not be set out as no point is raised in relation to it. She also stated that the defendant told her after the accident that she had not finished the job of salting because she had run out of salt.

The defendant's testimony was that she had spread salt on the front walk, both sets of steps, and the walk between them at about two-thirty in the afternoon when the freezing started. She denied that she had told the plaintiff that she had not finished the job of salting. She also said that her other tenants had entered the main house through the confectionery, which had a rear door connecting with the hall of the main house.

As stated, there was a verdict and judgment for the plaintiff. The defendant filed a motion to set aside the judgment and to enter a judgment in favor of the defendant, or in the alternative, to grant a new trial. The court sustained the motion and set aside the judgment and entered a judgment for the defendant in accordance with defendant's previous motion for a directed verdict and in the alternative granted a new trial should its order entering a judgment for the defendant be held erroneous upon appeal.

In support of her contention that the court erred in entering a judgment for the defendant the plaintiff makes the following assertion:

"On the issue of negligence, plaintiff adduced substantial evidence that the defendant knew, or in the exercise of ordinary care could have foreseen that the incomplete job of spreading salt on the exterior steps created, after dark, a deceptive appearance, to one in the exercise of ordinary care for his own safety, that all of the steps were coated with salt; that by reason thereof plaintiff was caused to fall; that such aforementioned conduct on the part of defendant constitutes actionable negligence falling within the well settled rule of law that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully if he acts at all; * *."

■ The law on the duty of a landlord as it relates to the removal of snow and ice was fully discussed in Woodley v. Bush, Mo.App., 272 S.W.2d 833, in which we

quoted with approval from 52 C.J.S., Landlord and Tenant, § 417 d, p. 46, wherein it is stated:

"In the absence of statute or agreement, there is generally no duty on the part of the landlord to his tenant to remove from the roof, steps, or walk, snow or ice which naturally accumulates thereon, and he is not liable for injuries caused thereby. This rule applies also to such natural accumulations on sidewalks adjacent to houses rented to several tenants or to a building of which the landlord, as an occupant, is in control of a part. * * *"

■ The appellant, recognizing this lack of liability for the natural effect of freezing rain presented her case on the theory that the landlord, having attempted to abate the slick condition by spreading salt on the steps by the sidewalk and failing to salt the steps by the door, created a deceptive situation which would lead one to believe that all of the steps had been salted. She relies upon two cases, Bartlett v. Taylor, Mo.App., 168 S.W.2d 168; 351 Mo. 1060, 174 S.W.2d 844, and Kennedy v. Bressmer, Mo.App., 154 S.W.2d 401. Both of these cases deal with a landlord, who, without legal obligation to do so, undertook to repair a defective part of the premises leased to another and by the negligence of the repair the tenant was injured. The general rule covering such cases is that in the absence of a contract to do so the landlord is under no obligation to his tenant to make repairs or improvements on the demised premises, yet, if he voluntarily does so for his own advantage or for the common advantage of himself and the tenant, he must use reasonable care in doing so, and is liable for any injury caused by his negligence.

■ We do not consider the situation in those cases analogous to the one here under consideration for they relate to an attempt to correct a defect in the structure leased and the action of the landlord in the case before us relates to an attempt to lessen the hazards of a general natural condition common to the entire area in which the house was located. The attempt to correct the natural hazard of ice or snow can only in a few instances be fully effective. To extend the doctrine of liability for negligent repair by a landlord, to the cleaning or otherwise making icy sidewalks passable, would in effect make him the guarantor of the safety of the person using the walk when it is obvious that the best of efforts may fail to remove all slickness or patches of ice upon which one may slip and fall.

■ Even if we were to accept the plaintiff's theory of negligence she would have failed to make a case. Viewing her evidence in a light most favorable to her, as we do, [Mo. Digest Trial, ☞152(2)] and giving her the benefit of all favorable inference which can be logically drawn from it, all that can be found is that she slipped on an icy step. She stated that the rain was freezing over the salt and that the walk was slick where the salt had been spread. We cannot therefore say that it was the lack of salt that caused her to slip as the walk containing the salt was also slick. Where the evidence tends to support equally either of several inconsistent factual inferences, some of which result in a failure of proof of defendant's actionable negligence, the factual issues essential to the plaintiff's case may not be said to be established by legitimate proof. Williams v. Cavender, Mo., 378 S.W.2d 537; Ringeisen v. City of St. Louis, Mo.App., 238 S.W.2d 57.

We fully considered the nature of the liability that might arise in removal of ice in a similar situation that we had before us in Krause v. Laverne Park Ass'n., Mo.App., 240 S.W.2d 724. We held that the result of the efforts of one attempting to remove ice brought upon him no liability unless it increased the hazard to which others were exposed. It is, of course, obvious that a failure to salt the step would not increase its slickness and the slickness was the natural and only hazard to which the plaintiff was subjected.

The other points raised relate to an instruction which the court held to be erroneous in its alternative ruling granting a new trial. The view we have taken above makes it unnecessary to consider those points.

The judgment is affirmed.

ANDERSON, J., and WOODSON OLDHAM, Special Judge, concur.

RUDDY, J., not participating.