Karl MASCHOFF, Plaintiff-Respondent,

v.

A. F. KOEDDING, Jr., A. F. Koedding, III, and William F. Koedding, Defendants-Appellants.

No. 33269.

St. Louis Court of Appeals.

Missouri.

March 18, 1969.

Morris, Wuestling & James, John J. Morris, St. Louis, for defendants-appellants.

Rosenblum & Goldenhersh, James A. Greenblatt, Clayton, for plaintiff-respondent.

DOERNER, Commissioner.

The only point presented in this appeal is whether a submissible case was made by plaintiff, a tenant in defendants' apartment house, who was injured when he fell on snow covered steps used in common by all of the tenants. For the reasons to be stated we hold that he did.

The essential facts disclosed by the evidence are these: for about three and one-half years preceding the day on which plaintiff fell he occupied an apartment in defendants' multiple family building under a written lease. That instrument provided, in part, that defendants agreed to " * * * 'supply at no extra charge the following: (b) building and grounds maintenance'." Plaintiff had been out bowling, and upon his return about 12:30 A.M., on February 25, 1965 he slipped and fell while ascending the steps leading to the front door of defendants' apartment house. There was evidence that sleet fell for about 50 minutes shortly before and after midnight of February 23; that snow began falling at 4:50 A.M. on February 24 and continued until 3:13 P.M.; that four inches had accumulated by noon of that day but practically none thereafter; and that snow again fell intermittently from 4:15 P.M. until midnight, followed by blowing snow until 2:30 A.M. of February 25. At the time plaintiff fell there were three or four inches of snow on the steps. Plaintiff called as his witness Donald R. Chandeler, employed by defendants as their head maintenance man, and Walter R. Dern, their general maintenance man. Both testified that their duties included the removal of snow from the common walks and steps on defendants' property, and both stated they had removed snow therefrom five or six times during the period from 1963 to 1965. As defendants state in their brief, all of the witnesses agreed that prior to plaintiff's fall no effort had been made to spread salt on the steps and no removal of snow had been undertaken on the day in question. This for the reason, according to Chandeler and Dern, that it was their practice, in the interest of safety, not to try to remove snow until it had accumulated to a depth of at least one-fourth of an inch and the snow had ceased to fall.

It is not necessary to relate the nature and extent of plaintiff's injuries. The verdict and judgment in favor of plaintiff was for $2800. Defendants filed no motion for a new trial, and the court denied their only post-trial request for relief, their motion to set aside the judgment and to enter judgment in their favor in accordance with their motion for a directed verdict made at the close of all the evidence.

Defendants' argument in support of their contentions that plaintiff failed to make a submissible case is divided into three parts. They maintain that there is generally no duty on the part of the landlord to his tenant to remove from the steps or walks used in common snow or ice which naturally accumulates thereon, and that he is not liable for injuries caused thereby. Presumably tacitly recognizing that there are exceptions to that general rule, defendants next assert that there is nothing in the lease whereby they agreed to remove snow and ice from the common passageways. And lastly, defendants argue that where the landlord contracts to make repairs and the tenant is injured as a result of the former's failure to make them, the tenant has no right of action in tort, but his action is for damages for the breach of the contract. We consider these points in the order in which they are advanced.

■ By what our Supreme Court has termed the "common use rule," Fitzpatrick v. Ford, Mo., 372 S.W.2d 844, 849, it is a well-established principle that where a portion of the demised premises, such as a hallway, sidewalk or steps is reserved by the landlord for use in common by two or more tenants, or by the landlord and a tenant or tenants, a duty is imposed upon the landlord to exercise ordinary care to keep that portion of the premises in a reasonably safe condition for the use intended, and he is liable for damages for personal inju-

ries to the tenant or a member of the tenant's family resulting from a failure to perform that duty. Green v. Kahn, Mo., 391 S.W.2d 269; Fitzpatrick v. Ford, supra; Restatement of the Law of Torts, 2nd, Vol. 2, § 360, p. 250. Despite the universal application of that principle, however, the authorities are not in harmony on the question of whether the landlord owes a duty to remove from such commonly used portions of the premises snow and ice which naturally falls and accumulates thereon. Consistent with the common use rule, and under what has been referred to as the "'Connecticut rule' or modern rule," 52 C.J.S. Landlord & Tenant § 417(13), p. 86, it is held in some states that the landlord does owe such a duty to his tenant. Reardon v. Shimelman, 102 Conn. 383, 128 A. 705, 39 A.L.R. 287; Thompson v. Resnik, 85 N.H. 413, 159 A. 355, Robinson v. Belmont-Buckingham Holding Co., 94 Colo. 534, 31 P.2d 918.

Other states follow what is called the "Massachusetts rule," under which it is held that the landlord does not owe such a duty. Woods v. Naumkeag Steam Cotton Co., 134 Mass. 357; Bell v. Siegel, 242 Mass. 380, 136 N.E. 109, 25 A.L.R. 1261; Rosenberg v. Chapman Nat. Bank, 126 Me. 403, 139 A. 82. Obviously the Massachusetts rule is an exception to the common use rule, Reardon v. Shimelman, supra. The reason advanced in justification of that rule is that to impose the duty of removal would subject the landlord to an unreasonable burden of vigilance and care, a reason similar to that given for denying recovery where one seeks to hold a municipality liable for injuries caused by a natural accumulation of snow or ice on a sidewalk and the condition is general to the community. Walsh v. City of St. Louis, 346 Mo. 571, 142 S.W.2d 465.

■ But whatever diversity of opinion may exist between those authorities which follow the Connecticut rule and those which have adopted the Massachusetts rule, there seems to be no great variance between them upon the proposition that a landlord may obligate himself to perform the duty of removal by contract either express or implied by a course of conduct. Oswald v. Jeraj, 146 Ohio St. 676, 67 N.E. 2d 779. Thus as an exception to the rule which bears its name it was held in Massachusetts, in Carey v. Malley, 327 Mass. 189, 97 N.E.2d 645 that the landlord would be held liable where it was shown that at the time the rental contract was made the landlord orally agreed to keep the common walks clear, and informed the tenant that his janitor would perform the duty of removing snow and ice from the common approaches. There, after stating the rule prevailing in Massachusetts, the Supreme Judicial Court continued (97 N.E.2d 648): "* * * But where, as here, the landlord by the terms of the letting has undertaken the duty of keeping passageways and sidewalks clear from snow and ice and negligently performs that duty in such a manner as to cause injury to a tenant who relies on its proper performance, he is liable. * * *" For other cases permitting recovery where it appeared that by an express contract the landlord obligated himself to perform the duty of removal from portions of the premises used in common see Nash v. Webber, 204 Mass. 419, 90 N. E. 872 and Hebb v. Gould, 314 Mass. 10, 49 N.E.2d 450.

As a second exception to the Massachusetts rule liability has also been determined and recovery allowed where it was shown that although the landlord did not expressly agree to perform the duty of removal, he obligated himself to do so by his course of conduct over a period of time. For example, in Miller v. Berk, 328 Mass. 393, 104 N.E.2d 163, it was shown that the landlord provided a janitor for his premises, whose duties included the removal of snow and ice from a stairway used in common and who performed that duty over a period of time. And see Erickson v. Buckley, 230 Mass. 467, 120 N.E. 126 and Schwab v. Allou Corporation, 177 Neb. 342, 128 N.W.2d 835.

In Woodley v. Bush, Mo.App., 272 S.W.2d 833, a case of first impression decided by this court in 1954, Missouri adopted the Massachusetts rule, and that result has been adhered to in subsequent cases, all of which have been decided by this court. Root v. Henry, Mo.App., 395 S.W.2d 280; Loyd v. Levin, Mo.App., 413 S.W.2d 540; Johnson v. Murphy, Mo.App., 417 S.W.2d 527. None of those cases involved a state of facts which required a consideration of the exceptions to the Massachusetts rule, and so far as we have been able to determine our appellate courts have never passed upon them. They were alluded to in Woodley v. Bush, 272 S.W.2d 833, where the court quoted from 52 C.J.S. Landlord & Tenant § 417d, p. 46, which begins with the qualifying phrase: " '*In the absence of statute or agreement,* there is generally no duty on the part of the landlord * * *' ." (Emphasis supplied) It would appear that if Missouri is to continue to adhere to the Massachusetts rule it logically follows that we should likewise adopt the foregoing exceptions to that rule which are generally recognized and followed in those jurisdictions where the rule prevails. We so hold.

Accordingly, we turn, then, to defendants' second point, that there was nothing in the written lease which obligated defendants to remove the snow and ice from the common steps. It is true that the words "snow and ice" do not appear in the lease, but it does not necessarily follow that their absence is fatal. What the defendants did undertake to do, by the terms of the lease, was to "supply * * * grounds maintenance." Dern, defendants' maintenance main, stated that his duties were those of "general maintenance," and when asked what that term included replied: "This means fixing faucets, shovelling snow, painting, whatever we have to come up that would have to be fixed." Asked a similar question, Chandeler, defendants' head maintenance man, answered that his duties involved "General maintenance, snow removal, everything that would come up." The uncontroverted testimony of both was that for a period of years prior to plaintiff's accident defendants' maintenance men had in fact removed snow on various occasions. The term "grounds maintenance" as used in the lease is by no means clear and unequivocal, and it is a well-established rule that where the contract is ambiguous or there is a reasonable doubt as to its meaning, the construction placed on it by the parties as evidenced by their acts, conduct or declarations indicating a mutual intent and understanding will generally be adopted by the court. Aetna Casualty & Surety Co. v. Haas, Mo., 422 S.W.2d 316; Landau v. Laughren, Mo., 357 S.W.2d 74; State ex rel. Northwestern Mut. Life Ins. Co. v. Bland, en Banc, 354 Mo. 391, 189 S.W.2d 542, 161 A.L.R. 423. In view of the foregoing evidence which establishes the construction of the lease placed upon it by defendants, we conclude that by the term "grounds maintenance" defendants had obligated themselves to remove snow and ice from those parts of the premises used in common.

Lastly, we find no fault with defendants' statement of the rule regarding the form of action which may be brought for breach of contract to repair, but that rule has no application to the present case. This action, of course, does not involve a failure to repair, but rather the failure to exercise ordinary care to maintain the common areaways in a reasonably safe condition. In all of the cases which support the foregoing exceptions to the Massachusetts rule, whether the exception was founded on an express or an implied contract, the action brought and sustained by the court has been in tort, not on contract, and the foundation of the landlord's duty is based upon his retention of control. Carey v. Malley, 327 Mass. 189, 97 N.E.2d 645; Nash v. Webber, 204 Mass. 419, 90 N.E. 872; Hebb v. Gould, 314 Mass. 10, 49 N.E.2d 450; Miller v. Berk, 328 Mass. 393, 104 N.E.2d 163; Erickson v. Buckley, 230 Mass. 467, 120 N.E. 126. As this court

said in Underwood v. Moloney, Mo.App., 397 S.W.2d 18, 22, in its discussion of a somewhat analogous situation presented in Tucker v. Taksel, Mo.App., 345 S.W.2d 385: " * * * While no tort action can be based upon the breach of the contract, Grimmeissen v. Walgreen Drug Stores, Mo.App., 229 S.W.2d 593, 598; the retention of control which is evidenced by the terms of the letting, does create a duty on the landlord to repair, the violation of which is a tort. * * * " That principle is applicable to the instant case.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment affirmed.

RUDDY, P. J., and WOLFE, J., concur.