**Vanita TURCOL, Plaintiff-Respondent,**

v.

**SHONEY'S ENTERPRISES, INC.,
Defendant-Appellant.**

**No. 43228.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 14, 1982.

Motion for Rehearing and/or Transfer
Denied Oct. 15, 1982.

Application to Transfer Denied
Nov. 15, 1982.

David M. Duree, St. Louis, for defendant-appellant.

Sidney Fortus, Clayton, for plaintiff-respondent.

KELLY, Chief Judge.

Shoney's Enterprises, Inc., appeals from a judgment of the Circuit Court of the City of St. Louis entered on a jury verdict in favor of Venita Turcol in a sum of $12,000 for personal injuries sustained by Mrs. Turcol when she slipped and fell on a parking lot of a restaurant operated by the appellant (as Shoney's Enterprises, Inc. shall hereinafter be identified) at 2711 Dunn Road in St. Louis County, Missouri.

Appellant initially contends on appeal that respondent (as Mrs. Turcol shall hereinafter be identified) failed to make a submissible case because she failed to plead, prove or submit to the jury a required element of her case, i.e. that she neither knew nor could have known of the alleged defective condition, she claims caused her injuries the trial court erred, therefore, in overruling (1) its motion for directed verdict at the close of all of the evidence in the case and (2) its motion for judgment n.o.v.

Appellant's argument in support of this contention is based, in part at least, on the second paragraph in M.A.I. 22.03 that: "... plaintiff did not know and by using ordinary care could not have known of this condition, ..."

It also relies on the rule of law respecting the duty of a possessor of land towards a business invitee and liability for harm caused to a business invitee stated in *Harbourn v. Katz Drug Co.*, 318 S.W.2d 226, 228[1–3] (Mo.1958), *Cunningham v. Beller-*

*ive Hotel, Inc.,* 490 S.W.2d 104, 107[2–6] (Mo.1973), and *Kelly v. Dairy Queen Enterprises, Inc.,* 581 S.W.2d 903, 905[2–3] (Mo. App.1979).

■ This rule is that a possessor of land is subject to liability for bodily harm caused to a business invitee if, but only if, he (a) knows or in the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to remain upon the land without exercising reasonable care (1) to make the condition reasonably safe, *or* (2) to give a warning adequate to enable them to avoid the harm.

The duty to keep premises safe for invitees, it argues, applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, which are not known to the invitee and would not, in the exercise of ordinary care be observed by him. The basis of the invitor's liability is his superior knowledge.

According to appellant plaintiff must allege, prove, and submit that she did not know, and by using ordinary care, could not have known of the conditions causing her to slip and fall on its parking lot; therefore, (1) his motion to dismiss should have been sustained because respondent's second amended petition contained no such allegation, (2) his motion for judgment n.o.v. should have been sustained because (a) plaintiff failed to prove this element of her case, and (b) submitted the cause to the jury under a modified M.A.I. 22.04, which contains no required finding that she neither knew nor could have known of this condition.

■ When considering the question of the sufficiency of evidence to warrant submission of cause to jury, we must view the facts in a light most favorable to the plaintiff. *Norwood v. Lazarus,* 634 S.W.2d 584, 585[1] (Mo.App.1982).

Viewed in this light the evidence at trial was that respondent and her two young daughters went to appellant's restaurant in north St. Louis County on Sunday, January 16, 1977, at approximately 6:00 p.m., and drove into the parking lot of the restaurant which was furnished by appellant for its patrons. This restaurant is situated on the north side of Dunn Road, faces southwardly, and is surrounded on all four sides by the parking lot when this incident occurred. At the time respondent drove onto the parking lot there was packed down snow on most of the parking lot and this snow had tire tracks, ruts and ridges, and the parking lot was "dimly" lighted. One of defendant's witnesses, Jerry R. Eichholz, described it as "a matted, rough, rugged condition," ". . . it was settled snow—not snow-covered in a white, fluffy snow, but it was snow-packed where vehicles had gone over the area and the snow had been compacted and there were ridges and ruts." Some patches of ice were visible.

Harvey C. Harris, an assistant manager, at the restaurant, testified that he came to work at about 4:00 p.m. on January 16, 1977, that he walked on the parking lot, and the entire parking lot was "slippery" and packed with snow, and there were tire tracks, ruts and ridges from automobiles. The parking lot was in pretty bad condition.

After respondent drove onto the parking lot she parked the car she was driving "nose-in," in the first available space on the south-east corner of the parking lot, alighted from her car and started to proceed to the restaurant. Her two daughters had started for the restaurant and were ahead of her. As she started walking from the rear of her car toward the sidewalk to the restaurant she was walking very carefully, trying to pick her spots, stepping in areas where the snow wasn't packed and there were no ruts—"crunchy places where you were trying to get good leverage for your footage." While proceeding in this manner, and as she was looking forward and down, appellant stepped on a crunchy piece of snow or ice, her right foot went down, and there was ice underneath. Her right foot went out, and then her left foot, and she fell, landing on the flat of her back and

tailbone. She could not tell what was under the crunchy ice or snow she stepped on, but it looked like what she stepped on would give her more leverage.

According to Mr. Harris, the assistant manager, appellant's supervisor instructed it's manager to call Henry Johnson, who was hired by appellant to remove snow from the parking lot, if it snowed an inch to an inch and a half to plow and salt the parking lot. He referred to a "record book" appellant kept and in which records for snow removal were kept. From this record Mr. Harris testified that the parking lot was plowed on January 10, 1977, but was not salted; on January 11th it was salted only. Again on January 15th the parking lot was both plowed and salted.

Henry Johnson, whose deposition was read in the defense's case, testified that since 1973 he'd been engaged in the business of snowplowing and salting and that he did some snow-plowing and salting of the parking lot of appellant's restaurant on Dunn Road but when the deposition was taken he did not have his records for the time of this occurrence, and was unable to recall what work, if any, he did at that time. According to Mr. Johnson he used only rock salt on the parking lot; he never used any sand or cinders.

According to weather records introduced at trial, precipitation, in snow or ice, for the first 16 days of January, 1977, reflected that the accumulation of snow and ice on the ground for the week preceding the accident varied from a minimum of 7 inches to a maximum of 10 inches. On January 15th there was 8 inches of snow on the ground, and on January 16th, 9 inches. There had been a snowfall of .06 of an inch on the 15th and none on the 16th. The temperature on the day of the occurrence reached a high of 0°F and a low of -14°F; at the time respondent fell at about 6:00 p.m. it was -10°F.

Appellant, and her daughter, Kelly La-Rue, testified that the roads and streets were cleared.

Although there is authority requiring a plaintiff to allege and prove that she neither knew, or in the exercise of ordinary care could not have known of the alleged defective condition which caused her to fall and sustain injury, M.A.I. 22.03, there is also authority to the contrary when the injury occurs on a parking lot. *Demko v. H. & H. Investment Company,* 527 S.W.2d 382 (Mo.App.1975) and *Carden v. Lester E. Cox Medical Center,* 519 S.W.2d 338 (Mo.App.1975).

In *Demko v. H. & H. Investment Company,* supra this court said that in a parking lot case the liability, if any, is based on the merchant's duty to the invitee to provide a reasonably safe means of ingress and egress and that this duty "is a duty to exercise ordinary care to keep its premises reasonably safe and to warn of any danger which is actually or constructively known to it and which invitees would not discover." [1] When there is ice on the restaurant parking lot the restaurant operator's *affirmative duty* is to make the parking lot safe *or* to warn the business invitee of the dangerous condition. The burden of proving that the business invitee knew or in the exercise of ordinary care should have known of the dangerous condition is on the restaurant operator, id. l.c. 385[4].

The holding in *Demko* is that in a parking lot case when the plaintiff alleges and proves that he was a business invitee who parked his car on a parking lot furnished by, and in connection with, a restauranteur's business, which parking lot is covered by snow or ice, and he alights from his car and in the course of walking from his parked car to the restaurant over the parking lot aforesaid, slips and falls on the icy or snow covered parking lot, he makes a

1. This court also pointed out that a parking lot case is different from one where the injury occurs on property abutting a public street, or sidewalk or where there was a "special use." *O'Connell v. Roper Electric Company, Inc.,* 498 S.W.2d 847 (Mo.App.1973), *Martin v. Gilmore,* 358 S.W.2d 462 (Mo.App.1962), or an "affirmative act." *Berry v. Emery, Bird, Thayer Dry Goods Company,* 357 Mo. 808, 211 S.W.2d 35 (1948); *Levine v. Jale Corporation,* 413 S.W.2d 564 (Mo.App.1967).

submissible case against the restauranteur on the question whether the restauranteur has met his non-delegable duty to exercise ordinary care to keep the premises reasonably safe for the business invitee to enter and/or leave the restaurant. Once this is shown, the burden of proving that the restauranteur was guilty of no negligence or that the business invitee was contributorily negligent rests on the restauranteur.

■ In such a case, the business invitee is not required to submit under M.A.I. 22.03 but may submit, as respondent did here, with M.A.I. 22.04, omitting any requirement that to find for her the jury must find as an element of her case that she did not know, and by using ordinary care could not have known, of the condition which rendered the parking lot not reasonably safe for use by customers like herself. *Carden v. Lester E. Cox Medical Center,* supra l.c. 341[4] (Mo. App.1975).[2]

The contributory negligence of respondent was pled and submitted to the jury by appellant but the verdict of the jury demonstrated that it found respondent was not guilty of contributory negligence.

We hold that there is no merit in appellant's initial contention.

Appellant next contends that the trial court erred in overruling its motions for a directed verdict and for judgment n.o.v. because respondent failed to prove an element of the theory under which she submitted her case, i.e. that she stepped on snow-covered ice because her testimony on this issue was, at best, contradictory.

■ This point was not raised in appellant's motion for directed verdict at the end of the entire case, in its motion for judgment n.o.v., nor in its motion for new trial.[3] It is raised for the first time in appellant's brief filed in this court and therefore preserves nothing for review. *Schneider v. Finley,* 553 S.W.2d 727, 732[14] (Mo.App. 1977); Rule 84.13 V.A.M.R.

Appellant further contends that the trial court erred in overruling its motion for a directed verdict and for judgment n.o.v. because respondent was contributorily negligent as a matter of law in that the alleged defective condition was an open, obvious and glaring condition.

In cases of this kind it has been recognized that there is no precise formula by which to determine whether a condition is so "open and obvious" that one is bound to see it, and generally each case depends on its own facts and circumstances. It is well established that the challenged condition must be so obviously dangerous that a reasonably prudent individual would not attempt it before a business invitee, who has the right to expect the invitor has, as he is required to, provided him with a reasonably safe means of ingress to and egress from the invitor's restaurant, will be found to be contributorily negligent as a matter of law. *Summa v. Morgan Real Estate Company,* 350 Mo. 205, 214, 165 S.W.2d 390, 393[4] (1942); *O'Connell v. Roper Electric Company, Inc.* 498 S.W.2d 847, 854 (Mo.App.1973).

■ The test to be applied in determining whether a pedestrian is contributorily negligent, even where the pedestrian has knowledge of an unsafe or defective condition of a street or a sidewalk or a place used by pedestrians, is whether a reasonably pru-

---

2. Although M.A.I. 1981 3rd Edition identifies M.A.I. 22.03 as the verdict directing instruction for an "Invitee Injured" it is not the instruction mandated in all invitee cases. In *Wilder v. Chase Resorts, Inc.,* 543 S.W.2d 527 (Mo.App. 1976) it was held that M.A.I. 22.03 was not the applicable instruction in innkeeper-guest cases.

3. In each of appellant's five Points Relied On it contends that "(t)he trial court erred in overruling defendant's motions for a directed verdict and for judgment n.o.v. ..." Appellant does not specify whether the motion for new trial is that filed at the conclusion of plaintiff's evidence or at the end of the entire evidence. If appellant intended to include its motion for directed verdict at the close of the plaintiff's evidence, we would not afford review to that ruling of the trial court because (1) by proceeding to offer evidence after said ruling appellant waived any error of the trial court in so ruling, *Polovich v. Sayers,* 412 S.W.2d 436, 438[2] (Mo.1967), and (2) this point was not presented to the trial court in either of said motions and therefore was not preserved for review, *Schneider v. Finley,* supra, Rule 84.13 V.A.M.R.

dent person would, under the particular facts, use such place for walking. Whether or not in using such a place for walking a person was negligent is usually a question for the jury. *Evans v. Sears, Roebuck & Company,* 104 S.W.2d 1035, 1040[8] (Mo. App.1937).

■ When respondent parked her motor vehicle on the parking lot it was dimly lighted. While she observed that there were ruts, and ridges of crunchy snow or ice she believed it was safe to traverse the parking lot and walk to appellant's restaurant. We believe, and hold, that the contributory negligence of the respondent was a jury question and properly submitted to the jury.

Therefore, we rule this Point against appellant.

■ Appellant also contends that the trial court erred in overruling its motions for a directed verdict and judgment n.o.v. because under the evidence it had no duty to remove the ice and snow because it was a result of a general condition of ice and snow in the entire area and was not a special or isolated condition existing only at its parking lot.

We disagree because the record is replete with evidence that the parking lot was covered with areas of deep, rutted and slippery packed snow and ice caused by automobiles using the parking lot, with "crunchy" spots which appeared to give good leverage to one proceeding across the parking lot.

While the weather reports demonstrated that the St. Louis area had a record snowfall during the month of January, 1977, there had been a snowfall of .06 of an inch on January 15, 1977, and none on the 16th of January, 1977, the date when respondent fell and sustained her injuries. The parking lot had been plowed and salted on January 15, 1977. On January 16th there was 9 inches of snow on the ground.

Appellant, by its own admission, had the parking lot plowed and salted on the day prior to the occurrence in question. The parking lot had ruts, etc. caused by autos running over the packed snow. Mr. Harris

testified to its slippery condition. What might have once been a general condition was changed into an isolated condition, or at least a jury could so find.

Whether the snow and ice condition was a general condition or an isolated one was a fact question and properly submitted to the jury by appellant's instruction. *Carden v. Lester E. Cox Medical Center,* supra.

Appellant attacks the testimony of respondent and her daughter, Kelly LaRue, that the streets were clear because the weather records contradicted their testimony. The weather records revealed nothing concerning the streets and highways in north St. Louis County. Whether these streets had been plowed and salted and thereby cleared was in no way reflected in the weather records read into evidence.

We believe that under the evidence in this case the question whether this was a general or an isolated condition was a question for the jury and the trial court did not err in denying appellant's motion for new trial nor judgment n.o.v. because this was a general condition of snow.

Appellant finally contends that the trial court erred in overruling its motion for a directed verdict and judgment n.o.v. because respondent was contributorily negligent as a matter of law in that she was fully aware of the alleged defective condition and failed to take or look for an alternative, safer route.

■ We disagree. Before a plaintiff can be denied submission of her case to the jury, a defendant must show plaintiff had knowledge of the danger posed by the area where the plaintiff fell, *Shannon v. Washington University,* 575 S.W.2d 235, 238 (Mo. App.1978), and one's knowledge of the general condition from which the danger arose, i.e. a snow and/or ice condition does not necessarily constitute knowledge and appreciation of the specific danger involved. id l.c. 238.

Under the facts in this case we hold that respondent's contributory negligence was a jury question, properly submitted, and found adverse to appellant's claim. *Summa*

*v. Morgan Real Estate Company,* supra, *O'Connell v. Roper Electric Company, Inc.,* supra.

Judgment affirmed.

DOWD and STEWART, JJ., concur.