Mary K. ALEXANDER, Appellant,

v.

AMERICAN LODGING, INC.,
Respondent.

No. WD 41693.

Missouri Court of Appeals,
Western District.

Jan. 23, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 27, 1990.

Application to Transfer Denied
April 17, 1990.

Paxton & Beth, P.C., William C. Paxton, Independence, for appellant.

Heilbron & Powell, Sylvester Powell, Jr., and Lance W. LeFevre, Kansas City, for respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

ULRICH, Judge.

Mary K. Alexander appeals from the jury's verdict for American Lodging, Inc., in her suit for personal injuries resulting from her fall on ice in the parking lot of the apartment complex where she resided.

On Saturday, January 10, 1987, Ms. Alexander was a resident of Cimarron Apartments in Independence, Missouri, owned by American Lodging, Inc. (American), a Missouri corporation. At approximately 8:00 p.m., Ms. Alexander fell on ice located about five feet from the sidewalk on the parking lot adjacent to her apartment. Both the tibia and fibula bones in her left ankle were broken and required surgery and a long convalescent period.

American's snow removal policy for its parking lots used by residents of Cimarron Apartments and three of its other residential properties included periodically plowing the parking lots with a pickup truck equipped with an 8–foot plow blade and spreading rock salt, sand, and gravel by maintenance personnel. Snow began to fall on Friday, January 9, 1987, and snowfall in the Independence area was estimated at six to eight inches by the conclusion of January 10. Only trace amounts of precipitation fell January 10. Pursuant to American's snow removal policy, plowing of the Cimarron Apartments parking lot began at 4:00 a.m. on January 9 and was completed two to three hours later. The lot was plowed again the morning of the tenth, the date Ms. Alexander fell, and salt and gravel were spread that evening before 8:00 p.m.

■ Ms. Alexander raises two points on appeal, both involving instruction No. 7, which is not in MAI. The instruction states:

### Instruction No. 7

In your verdict you must not assess a percentage of fault to defendant American Lodging, Inc. if you believe that at the time plaintiff Mary K. Alexander fell on defendant America Lodging, Inc.'s parking lot, there existed throughout the city of Independence a general condition of snow and ice, and that the condition on defendant America Lodging, Inc.'s parking lot as submitted in Instruction No. 5 was not a special isolated condition.

Ms. Alexander alleges that the instruction misstates the law and that it is fatally prejudicial. American responds that Ms. Alexander's challenges to instruction No. 7 are not preserved for appeal because she objected only generally to this instruction at trial. However, Ms. Alexander's general objection to the instruction at trial and the specific objections to the instruction in her motion for a new trial preserve for appeal the points stated in her motion for a new trial. *Powers v. Ellfeldt*, 768 S.W.2d 142 (Mo.App.1989); Rule 70.03.

To consider Ms. Alexander's contentions, instruction No. 5 must also be considered. Instruction No. 5, referred to in instruction No. 7, is a modification of MAI 22.05. As the verdict director, instruction No. 5 states what the law requires the jury to find in order to assess fault against American. It states:

### Instruction No. 5

In your verdict you must assess a percentage of fault to defendant whether or not plaintiff was partly at fault if you believe:

First, there was an accumulation of ice and snow on defendant's parking lot and as a result the parking lot was not reasonably safe, and

Second, defendant knew, or by using ordinary care could have known, of this condition, and

Thirdly, defendant failed to use ordinary care to make the parking lot reasonably safe, and

Fourth, as a direct result of such failure, plaintiff was injured.

Ms. Alexander challenges that instruction No. 7 misstates the law. The instruction is not an MAI instruction. The Missouri Supreme Court mandates the use of applicable MAI instructions. Rule 70.02(b). However, when no MAI instructions are applicable, the trial court may submit another instruction which is simple, brief, impartial, free from argument, and does not

require the jury to make findings of detailed evidentiary facts. Rule 70.02(e).

Missouri applies the "common use rule" when determining a landlord's liability for injuries occurring in common areas. *Maschoff v. Koedding*, 439 S.W.2d 234, 235 (Mo.App.1969). This rule imposes a duty upon the landlord to exercise ordinary care to keep common use areas, such as parking lots, sidewalks and steps in a reasonably safe condition for the use intended, and the landlord is liable for personal injuries to tenants occurring as a result of his failure to perform that duty. *Id.* An exception to the common use rule applies when snow and ice naturally falls and accumulates on common areas. When a common area is covered by snow and ice which has naturally fallen and accumulated, no duty to remedy the condition is imposed on the landlord. (The Massachusetts rule.) Missouri applies the Massachusetts rule. *Id.* at 236; *Woodley v. Bush*, 272 S.W.2d 833, 834 (Mo.App. 1954). An exception to the Massachusetts rule arises where a landlord obligates himself either by agreement or a course of conduct over a period of time to remove snow and ice from common areas, thereby assuming a duty to exercise ordinary care to remove the snow and ice to make the common area reasonably safe. *Maschoff*, 439 S.W.2d at 236.

The degree of care required when snow and ice naturally accumulate is the same for landlords, municipal corporations, invitors and employers. They are not required to remove snow or ice which accumulates naturally and is a condition general to the community. *Johnson v. Murphy*, 417 S.W.2d 527, 528 (Mo.App.1967); *see also, Everett v. Wallbrun*, 273 S.W.2d 751 (Mo.App.1954) (employer/employee relationship); *Woodley*, 272 S.W.2d 833 (landlord/tenant relationship); *Walsh v. City of St. Louis*, 346 Mo. 571, 142 S.W.2d 465 (1940) (municipal corporation/pedestrian relationship).

Whether the snow and ice condition existing on a parking lot was a condition general to a geographical area or an isolated condition has been a fact question for jury determination in some cases. *Turcol v.*

*Shoney's Enterprises, Inc.*, 640 S.W.2d 503, 508 (Mo.App.1982). In *Turcol*, the defendant, Shoney's Enterprises, appealed the award of $12,000 to plaintiff, Venita Turcol, a business invitee, for personal injuries she sustained when she slipped and fell on a snow and ice covered parking lot owned by defendant. The parking lot had been plowed and salted on the day prior to the plaintiff's fall. Although the defendant had endeavored to remove the snow the day before the plaintiff fell, the evidence was conflicting about whether some additional snow had fallen and whether the condition on the lot when the plaintiff fell was common to the geographical area. Evidence was presented that the parking lot was covered with deep, rutted and slippery packed snow and ice caused by automobiles using the parking lot. The court held that "what might have once been a general condition was changed into an isolated condition, or at least a jury could find so." *Id.* at 508. The court reasoned that whether the icy conditions were general or isolated was properly submitted to the jury because a general condition would not impose a duty on the defendant to warn or make the parking lot safe.

The *Turcol* court relied on *Carden v. Lester E. Cox Medical Center*, 519 S.W.2d 338 (Mo.App.1975). Like the *Turcol* case, there was evidence that the snow condition on the parking lot had been altered from a condition general to the geographic area to an isolated condition. The defendant had hired a company to remove snow from its parking lots. The company had cleared snow and ice from another of defendant's parking lots two days prior to the plaintiff's fall, but no evidence about snow and ice removal of the parking lots where plaintiff fell is disclosed. The court noted the abundance of evidence that "rough, ridged, hummocked ice" existed where the plaintiff fell, caused by automobiles driving, slipping and spinning upon the snow in the lot. An instruction like instruction No. 7 had been given, and the court said that the evidence supported the jury's finding that the condition in the lot was not a

general condition in the area but was an isolated condition.

 These cases are distinguished from the present case because American assumed by its action the duty to remove the snow and ice that had naturally accumulated on the parking lot. The evidence did not support a claim that the parking lot presented a condition of snow and ice general to the area. American cleared the snow from the lot the day before and the day the plaintiff fell and spread salt and gravel shortly before Ms. Alexander fell. Only trace amounts of snow fell the day Ms. Alexander was injured. Having assumed the duty to remove the snow and ice, the question was whether American met the standard of care articulated in instruction No. 5 when it undertook snow and ice removal from its parking lot.

Instruction No. 7 was inappropriate and erroneous. It asserts that no liability exists where the presence of snow and ice on the parking lot was a general condition within the geographic area. American's duty arose from its effort to remove the snow and ice from its parking lot. Instruction No. 5 correctly stated the standard of care the plaintiff was required to satisfy. Instruction No. 7 was confusing because it permitted the jury to inaccurately conclude that the existence of a general condition of snow and ice in the area exempted American from its assumed duty to clear the parking lot to the standard of care stated in instruction No. 5. It permitted the jury to make an irrelevant finding which, if the jury so found, absolved the defendant of liability. Instruction No. 7 is, therefore, prejudicial absent a determination by this court that as a matter of law American did not fail to use ordinary care to clear snow and ice from its parking lot to make the parking lot reasonably safe. The court declines to make such finding.

The judgment is reversed and the case is remanded for a new trial.

All concur.