Douglas **RICHEY**, Plaintiff/Appellant,

v.

**DP PROPERTIES, LP, IBM Corp., SMC Properties, Inc., Sharp Lawn & Landscaping, Inc., and Grubb & Ellis Management Services, Defendants/Respondents.**

**No. ED 90122.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 13, 2008.

**BOOKER T. SHAW, Judge.**

Appellant Douglas Richey (Richey) appeals the trial court's judgment entering a directed verdict in favor of Respondents SMC Properties, Inc. (SMC) and Sharp Lawn & Landscaping, Inc. (Sharp) in a suit filed for damages he sustained when he slipped and fell down the stairs leaving work. Richey contends that the trial court erred in granting the motions for directed verdict because he adduced sufficient evidence to make a submissible case that each defendant undertook a duty to keep the entrance free of ice and snow and their breach caused his injuries. The trial court's judgment is affirmed.

### Facts and Procedural History

On the night of March 25, 2002, Richey made a brief trip to his office at Verizon Communications in Building 307 at 325 J.S. McDonnell Boulevard in Hazelwood. When he arrived sometime after 11:00 p.m., he noticed the ground and steps were wet from rain and snow. When he left the building around midnight, the steps had become icy, and he slipped and fell.

D.P. Properties, L.P. (DP) owned the premises where Richey was injured. D.P.'s general partner is a wholly owned subsidiary of McDonnell Douglas Corporation (McDonnell). At the time of the accident, McDonnell leased the property to International Business Machine Corporation (IBM). IBM leased a portion of the premises to Richey's employer. IBM contracted with Grubb & Ellis Management Services, Inc. (Grubb & Ellis) for facility maintenance.[1] Grubb & Ellis entered into a contract with SMC, who hired Sharp for snow removal service.[2] Richey named all

Weldon Neal Johnson, St. Louis, MO, for appellant.

David Patrick Bub, Erica J.S. Bash, co-counsel, St. Louis, MO, for respondent.

Daniel E. Wilke, St. Louis, MO, for Sharp Lawn & Landscaping, Inc.

1. Both IBM and DP entered into a contract with SMC for snow and ice removal based on their contractual obligations to manage the premises.

2. Sharp had an oral agreement with SMC.

of the foregoing parties as defendants in this action.

The contract between IBM, Grubb & Ellis and SMC contained the following relevant provisions (paraphrased): Vendor, *upon notification by Grubb & Ellis*, will keep all walkways and entrances clear of snow and ice; snow plowing on all parking surfaces to begin when depth has reached two inches *unless notified earlier* by a Grubb & Ellis representative;[3] all work to be performed during normal business hours; and Grubb & Ellis management approval is required before any services are provided.[4] On March 26, 2002, Sharp was not contacted for snow removal until after Richey fell.

In February 2005, Richey filed a personal injury suit alleging negligence, and the matter was tried before a jury in April 2007. At the close of Richey's evidence, the defendants moved for directed verdict. The trial court directed verdicts in favor of SMC and Sharp. The case was submitted to the jury and judgment was entered on a jury verdict assessing no fault to the remaining defendants. Richey appeals the directed verdicts.

### Discussion

In his sole point on appeal, Richey contends that the trial court erred in granting SMC and Sharp's motion for directed verdict.[5] Richey argues that he made a submissible negligence case, in that each defendant, because of their agreement, had a duty to clear the ice from the premises. SMC and Sharp assert that Missouri law does not recognize a duty when the weather conditions were occurring naturally, as at the time of Richey's fall. Further, they argue that no obligation arose because their contract required notification from a

Grubb & Ellis manager, which was not received until after Richey's fall.

On review of a directed verdict in favor of a defendant, this Court views the evidence and permissible inferences most favorably to the plaintiff, disregards contrary evidence and inferences, and determines whether the plaintiff made a submissible case. *Steward v. Baywood Villages Condominium Ass'n*, 134 S.W.3d 679, 681–82 (Mo.App. E.D.2004). A submissible case is made when every fact essential to liability is supported by substantial evidence. *Id.*

■ To prove his negligence claim against either defendant, Richey had to establish the existence of a duty, a breach of that duty, and damages caused by that breach. *Hoffman v. Union Electric Co.*, 176 S.W.3d 706, 708 (Mo. banc 2005)(internal citations omitted). The existence of a duty is purely a question of law. *Id.* Thus, SMC and Sharp's liability is premised on whether they owed a duty to Richey.

■ Under Missouri law, there is no duty to remove snow or ice that accumulates naturally and is a condition general to the community. *Willis v. Springfield General Osteopathic Hosp.*, 804 S.W.2d 416, 419 (Mo.App. S.D.1991)(citing *Alexander v. American Lodging, Inc.*, 786 S.W.2d 599, 601 (Mo.App. W.D.1990)). This rule applies to landlords, municipal corporations, inviters and employers. *Id.* "To hold that a duty exists to make a parking lot safe as precipitation falls from the sky would be to create a duty which would be virtually impossible to perform." *Milford v. May Department Stores*, 761 S.W.2d 231, 232–33 (Mo.App. E.D.1988)(quoting Restatement (Second) of Torts § 4, comment a (1965))(department store owner not

---

3. Exhibit "A" Schedule of Services.

4. Contract Addendum.

5. Sharp did not file a written motion for directed verdict but argued before the court.

liable for injuries suffered by a customer when he slipped on ice that had accumulated on the parking lot shortly before the customer fell).

■ An exception arises in Missouri where one obligates himself either by agreement or a course of conduct over a period of time to remove the snow and ice, thereby assuming a duty. *Willis,* 804 S.W.2d at 419. Richey asserts that the facts of this case fall within the exception set forth in *Alexander* because the parties' agreement for snow removal services created a duty on the day of Richey's fall. We disagree.

■ The instant case is distinguishable from both *Willis* and *Alexander.* In *Willis,* the duty arose when the hospital cleared the parking lot between the time of the natural accumulation of snow and ice and the time the visitor fell. The existence of the hospital's snow removal policy alone did not create a duty. *Gorman v. Wal–Mart Stores, Inc.,* 19 S.W.3d 725, 732 (Mo.App. W.D.2000). Similarly, the apartment landlord in *Alexander* assumed a duty when he altered the natural condition of the parking lot after the snow and ice had fallen, but before the tenant fell. *Alexander,* 786 S.W.2d at 599. In the present case, by contrast, SMC and Sharp did nothing to alter the condition of the steps where Richey fell.

Finally, there is no evidence that SMC and Sharp were contractually obligated to clear the ice from the premises, where it accumulated naturally, at the time of Richey's fall. According to the contractual provisions, SMC and Sharp had no duty to remove the ice absent Grubb & Ellis' notification or a two-inch accumulation, which is not the case here. Richey argues that SMC and Sharp, by virtue of their snow removal contract, assumed a duty to him to remove the snow and ice from the prem-

ises. Richey's argument fails because it disregards the terms of their contract.

## Conclusion

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and KURT S. ODENWALD, J., concur.