

# Missouri Court of Appeals

## Southern District

### Division One

SHAWN A. HILL,                            )
                                          )
            Appellant,                    )
                                          )
      vs.                                 )
                                          )      No. SD32994
                                          )
BARRY COUNTY, MISSOURI,                   )      FILED: June 24, 2014
                                          )
            Respondent.                   )

APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Kevin L. Selby, Judge

**REVERSED AND REMANDED**

Plaintiff[1] slipped on ice in a parking lot, fell, broke a leg, and sued. As an affirmative defense, Defendant alleged that any ice or snow on the parking lot "accumulated naturally and was a condition general to the community at the time of the incident alleged in the Petition, by reason of which Plaintiff is not entitled to recover." Eventually, Defendant sought and obtained summary judgment on the same basis.

---

[1] We refer to the parties as they were in the trial court, appellant Hill as "Plaintiff" and respondent Barry County as "Defendant."

1

We reverse and remand. Defendant did not establish that ice and snow "was a general condition in the community" as alleged. Rather, the developed record "is susceptible to more than one inference, precluding summary judgment." ***Loth v. Union Pacific R.R. Co.***, 354 S.W.3d 635, 642 (Mo.App. 2011).

**Legal Background**
**Massachusetts Rule / General Condition**

"Under Missouri law, there is no duty to remove snow or ice that accumulates naturally and is a condition general to the community." ***Richey v. DP Properties***, 252 S.W.3d 249, 251 (Mo.App.2008). Our courts have adhered for decades to this "natural accumulation" or "Massachusetts" rule. *See* ***Alexander v. American Lodging, Inc.***, 786 S.W.2d 599, 601 (Mo.App. 1990), and cases cited therein.

"Naturalness" of snow or ice differs from "generality," and the latter is key. Michael J. Polelle, *Is the Natural Accumulation Rule All Wet?*, 26 LOY. U. CHI. L.J. 631, 650 (1995). "'It is the generality of a situation resulting from natural causes that gives rise to the rule. Without that generality there would be no reason for the rule.'" *Id*. (quoting ***Graham v. City of Chicago***, 178 N.E. 911, 913 (Ill. 1931)).

Similar concerns led to Missouri's adoption of the rule in ***Woodley v. Bush***, 272 S.W.2d 833 (Mo.App. 1954),[2] "for where the condition is one general to the community it creates a natural hazard to everyone who ventures out at such time. The condition is brought about by no one and no one's efforts can appreciably lessen the danger present." *Id*. at 835.

---

[2] ***Maschoff v. Koedding***, 439 S.W.2d 234, 237 (Mo.App. 1969), attributes Missouri's adoption of the Massachusetts rule to ***Woodley***.

> As applied to the state of facts before us, the alley through which the plaintiff walked was just as icy as the premises upon which she lived, so that when she was on her way to and from work she was at all times subject to the danger of slipping. Had there been a clear walk to the alley it would have afforded her sure footing but for a very few feet and left her confronted with an icy road for the rest of her way. Thus any effort of the landlord would in fact only diminish the natural hazard to a very negligible degree.

*Id*. By way of contrast, Missouri cases which note the rule but find it factually inapplicable for lack of a "general condition" include:

- ***Carden v. Lester E. Cox Medical Center***, 519 S.W.2d 338 (Mo.App. 1975). Official weather records showed four inches of snow on the ground, but there was trial testimony "that streets in the City of Springfield were free and clear of snow and ice on the day plaintiff fell. The jury by its verdict found that a general condition of snow and ice did not exist in the City of Springfield." *Id*. at 340.

- ***Gudorp v. City of St. Louis***, 372 S.W.2d 483 (Mo.App. 1963). The plaintiff fell on an icy sidewalk, but other sidewalks in the vicinity and elsewhere in the city "were clear except for some snow in the curbing. Under the factual situation here prevailing, we cannot hold that the ice on the sidewalk where plaintiff fell was a part of a general condition prevailing throughout the City." *Id*. at 486.[3]

- ***Evans v. Sears, Roebuck & Co.***, 104 S.W.2d 1035, 1037, 1039-40 (Mo.App. 1937) (affirming verdict for customer who fell at icy store entrance; evidence indicated that sidewalks and other entrances were free of ice and snow).

Whether such a condition is "general" to the community is a fact question for a jury to decide under proper instructions. ***Turcol v. Shoney's Enterprises***, 640 S.W.2d 503, 508 (Mo.App. 1982).

---

[3] Nonetheless, the judgment was reversed for another reason, being a failure to show the City's constructive notice of this condition. ***Gudorp***, 372 S.W.2d at 487-88.

**Summary Judgment Erroneous**

In seeking summary judgment, Defendant argued – but did not proffer as an uncontroverted fact – that ice and snow "was a general condition in the community." The summary judgment record includes evidence that parts of the parking lot were clear on the accident date, while "[l]ocal businesses were clear, other places were snowy and icy."

Viewing the record and reasonable inferences favorably to Plaintiff, *Loth*, 354 S.W.3d at 642, does not establish that ice and snow "was a condition general to the community." On this record, that is a jury issue. *Turcol*, 640 S.W.2d at 508.

Plaintiff's other arguments need not be reached. We reverse the judgment and remand the case for further proceedings.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. –  CONCURS

WILLIAM W. FRANCIS, JR., C.J. –  CONCURS