**Roy A. MARTIN, et al., Appellants,**

v.

**Mitchell J. PASHIA, Respondent.**

No. 63895.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 13, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied March 21, 1995.

Robert L. Gross, Little Rock, Ark., for appellants.

Nathan B. Stewart, Mark T. Stoll, Wegmann, Gasaway, Stewart, Schneider, Dieffenbach, Tesreau, Stoll & Sherman, and Ted Guberman, Hillsboro, for respondent.

AHRENS, Presiding Judge.

Plaintiffs, Roy and Natanya Martin and their two minor children, appeal after judgment on a directed verdict in favor of defendant, Mitchell J. Pashia, in this jury-tried personal injury action brought as a result of an automobile collision. This cause of action was grounded solely on a negligence theory. We reverse and remand for trial.

On November 22, 1990, plaintiffs were injured when their car struck another car on U.S. Highway 67 in Jefferson County, Missouri. The vehicle that was struck by plaintiffs' car was owned by the defendant. There was no testimony from any eyewitnesses to the accident and the plaintiffs did not testify as to the identity of the driver of defendant's vehicle, which left the scene shortly after the collision.

Missouri State Highway Patrol Trooper John Finn was dispatched to investigate the accident scene and found a bumper which apparently had fallen off of defendant's vehicle at the time of the accident. The license plate was still attached to the bumper and Trooper Finn was able to ascertain the vehicle's owner from the license number.

At trial, Trooper Finn testified that he contacted defendant shortly after the collision. When asked about his involvement in the accident, defendant did not deny that his vehicle was involved in the collision, but stated that he had not been driving the vehicle at the time.[1] Defendant indicated that Jody Goldberry was driving the vehicle when the accident occurred. Trooper Finn testified that he made several attempts to contact Mr. Goldberry and was unable to identify the driver of the vehicle.

■ Plaintiffs brought an action against defendant in the Circuit Court of Jefferson County for personal injuries resulting from the accident. Because defendant was un-

---

unable to testify. A defendant ad litem was appointed to defend the action.

available to testify, the following responses by defendant to plaintiffs' interrogatories were read to the jury:

> Question: What was your destination at the time of the accident and where had you been just prior to the accident?

> Answer: My destination was DeSoto, Missouri. Just prior to the accident we had been at a friend's house. His name is Rick 'Bowden'.

> Question: Describe the point of contact between the vehicles.

> Answer: Plaintiffs' vehicle hit me with his left side and left front.

At the close of plaintiffs' case, defendant moved for a directed verdict claiming, inter alia, that plaintiffs failed to prove that defendant was operating the motor vehicle at the time of the accident. The trial court sustained defendant's motion. Plaintiffs argue the trial court erred in directing a verdict against them because they adduced sufficient evidence at trial to submit a case to the jury.

A directed verdict in favor of defendant is proper only if reasonable minds could not differ as to the proper verdict when the evidence is viewed in a light most favorable to plaintiff. *Allison v. Barnes Hosp.*, 873 S.W.2d 288, 293 (Mo.App.1994). Further, we must disregard all contrary evidence and inferences and determine whether, on the evidence so viewed, the plaintiff made a submissible case. *Heacox v. Robbins Educational Tours, Inc.*, 829 S.W.2d 600, 601 (Mo.App. 1992). Whether there is sufficient evidence to submit an issue to the jury is a legal question and not an exercise of judicial discretion. *Koszor v. Ferguson Reorganized S.D. R–2*, 849 S.W.2d 205, 207 (Mo.App.1993). A case is not to be submitted unless each and every fact essential to liability is predicated upon legal and substantial evidence. *Id.*

To prevail in a negligence action, a plaintiff must establish the existence of a duty on the part of the defendant to protect the plaintiff from injury, defendant's failure to perform that duty and plaintiff's injury proximately caused thereby. *Poluski v. Richardson Transp.*, 877 S.W.2d 709, 713 (Mo.App.1994). The sole issue to be addressed in this case is whether plaintiffs adduced sufficient evidence at trial to submit to the jury the issue of whether defendant was the driver of his vehicle at the time of the accident. We believe they did.

We find defendant's use of the phrases "*my* destination" and "plaintiffs' vehicle hit *me*," and all favorable inferences associated with these statements could reasonably support the conclusion that defendant was driving the vehicle. Therefore, reasonable minds could differ as to the proper verdict. Plaintiffs made a submissible case and the trial court erred in directing a verdict for defendant. Defendant asks us to consider defendant's statement that "*we* had been at a friend's house" and Trooper Finn's testimony that defendant stated Mr. Goldberry was driving the vehicle. We must disregard this evidence as it favors defendant's case.

Viewed in the light most favorable to plaintiffs and disregarding defendant's evidence, the trial court erred in directing a verdict in favor of defendant. The judgment of the trial court is reversed and the cause is remanded for trial.

SIMON and KAROHL, JJ., concur.