In the
 Missouri Court of Appeals
 Western District
 MICHAEL LEE, )
 )
 Appellant, ) WD83644
 )
 v. ) OPINION FILED:
 ) February 23, 2021
 MISSOURI DEPARTMENT OF )
 TRANSPORTATION, )
 )
 Respondent. )

 Appeal from the Circuit Court of Boone County, Missouri
 The Honorable John D. Beger, Judge

 Before Division Three: Karen King Mitchell, Presiding Judge, Gary D. Witt, Judge and
 Anthony Rex Gabbert, Judge

 Michael Lee ("Michael") appeals from the judgment of the Circuit Court of Boone

County dismissing his petition, which raised a claim of wrongful death stemming from the

death of his daughter, Jessica Lee ("Jessica").1 We reverse and remand.

 1
 Because Michael, Jessica, and Elyjah share a last name, we refer to them by their first names. No
familiarity or disrespect is intended.
 Factual and Procedural Background2

 On August 6, 2013, Jessica was driving with her four-year-old son Elyjah Lee

("Elyjah") in the westbound lane of Southside Drive in Waynesville, Missouri, at

approximately 4:50 a.m. heading to her workplace in a storm. A portion of Southside Drive

is in the flood plain and was flooded. Jessica was immediately following another vehicle,

and when that vehicle reached the flooded section of the roadway, the driver stopped briefly

before successfully crossing through the flooded section of Southside Drive. Immediately

after that vehicle successfully crossed the flooded section, Jessica "paused momentarily to

examine the flooded portion of the road before unsuccessfully, this time, attempting to

drive through the flooded area." Within seconds, Jessica's car began to be swept off the

roadway by the floodwaters. Jessica "attempted to stop the car's movement by placing it

in park; unbuckled her seatbelt; opened the right rear (passenger side rear) door of the

vehicle; and unsuccessfully attempted to get herself and Elyjah to safety prior to both being

sucked against their will under the interstate highway along with her car." The car was

swept completely off of Southside Drive through the culvert under Interstate 44 into

Mitchell Creek.

 On August 6, 2013, Elyjah's body was recovered one-half mile from Southside

Drive adjacent to Mitchell Creek. On August 9, 2013, Jessica's body was recovered five

 2
 "[T]his Court must accept all properly pleaded facts as true, giving the pleadings their broadest
intendment, and construe all allegations favorably to the pleader." Mitchell v. Phillips, 596 S.W.3d 120, 122-23
(Mo. banc 2020) (quoting Cope v. Parson, 570 S.W.3d 579, 583 (Mo. banc 2019)). We consider only the facts
contained in Michael's Third Amended Petition.

 2
miles from Southside Drive adjacent to Rubidoux Creek and ten yards north of Business

Loop 66 in Waynesville, Missouri.

 Michael alleged that this portion of the roadway was known to the Missouri

Highway and Transportation Commission ("Commission") as a flood hazard and the

Commission did not ensure the capacity of the culverts in the area in that they were blocked

by live vegetation and other debris and were insufficient to keep water from coming over

the road at a sufficient speed and depth to sweep Jessica's car off the roadway. The

Commission failed to provide adequate barriers or guardrails to keep the vehicle from being

swept off of the roadway and failed to provide adequate warnings that the road was

susceptible to flooding.

 On November 25, 2019, Michael filed his Third Amended Petition ("Petition")

raising a claim of wrongful death stemming from Jessica's death.3 On December 16, 2019,

the Commission filed a Motion for Judgment on the Pleadings; or in the alternative, Motion

to Dismiss; or in the alternative, Motion to Strike Plaintiff's Petition; and Suggestions in

Support asserting that the flooded roadway was an open and obvious condition and that

Jessica had a duty to exercise reasonable care for her own safety.

 On March 6, 2020, the circuit court entered its judgment dismissing the suit holding

that "when Plaintiff's own pleadings and the reasonable inference therefrom indicates

[Jessica] saw the danger, examined the danger and decided to proceed anyway, this Court

 3
 This action was filed in Pulaski County but moved to Boone County on a change of venue. Michael did
not raise a claim of wrongful death in this case stemming from Elyjah's death.

 3
concludes the cause of action falls under Harris [v. Niehaus, 857 S.W.2d 222 (Mo. banc

1993)] and must be dismissed." This timely appeal followed.

 Standard of Review

 We review de novo a circuit court's judgment sustaining a motion to dismiss on the

pleadings. Mitchell v. Phillips, 596 S.W.3d 120, 122 (Mo. banc 2020) (citing Cope v.

Parson, 570 S.W.3d 579, 583 (Mo. banc 2019)).

 A motion to dismiss for failure to state a claim on which relief can be granted
 is solely a test of the adequacy of the petition. When considering whether a
 petition fails to state a claim upon which relief can be granted, this Court
 must accept all properly pleaded facts as true, giving the pleadings their
 broadest intendment, and construe all allegations favorably to the pleader.

Id. at 122-23 (quoting Cope, 570 S.W.3d at 583). "In other words, the claimant merely

must allege facts sufficient to state a cognizable cause of action." Mo. State Conf. of Nat'l

Ass'n for Advancement of Colored People v. State, 601 S.W.3d 241, 246 (Mo. banc 2020)

(per curiam).4

 Discussion

 Michael raises two points on appeal. First, he asserts the circuit court erred in

granting the Commission's motion to dismiss because it failed to consider the facts pleaded

in the Petition and the reasonable inferences therefrom in the light most favorable to

Michael. Second, Michael argues the circuit court erred in granting the Commission's

motion to dismiss because it failed to properly construe and apply the meaning of section

 4
 Michael suggests Murphy v. Carron, 536 S.W.2d 30, 32 (Mo banc 1976) governs this appeal requiring
this Court to affirm the judgment as long is it is supported by substantial evidence, is not against the weight of the
evidence, and does not erroneously declare or apply the law. However, Mitchell, 596 S.W.3d at 122, makes clear
our review is de novo.

 4
343A of the Second Restatement of Torts in that the Petition adequately alleged that the

Commission should have anticipated the harm despite any knowledge or obviousness that

may have existed on the part of Jessica particularly since the roadway was public, and the

Commission had known of the dangerous condition since 2008. The Commission argues

that the circuit court's judgment of dismissal is without prejudice and thus not a final appeal

judgment, which if true, deprives this Court of jurisdiction to consider the appeal.

Therefore, we must determine whether we have jurisdiction before reaching the merits.

 Jurisdiction

 Generally, a dismissal without prejudice is not a final, appealable judgment. Getz

v. TM Salinas, Inc., 412 S.W.3d 441, 446 (Mo. App. W.D. 2013) (citing Jennings v. SSM

Health Care St. Louis, 355 S.W.3d 526, 530 (Mo. App. E.D. 2011)). However, an appeal

from a dismissal without prejudice "can be taken where the dismissal has the practical

effect of terminating the litigation in the form cast or in the plaintiff's chosen forum." Id.

(quoting Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 3 (Mo. banc 1997)

(abrogated on other grounds)). "A dismissal without prejudice for failure to state a claim,

when the plaintiff elects to stand on the dismissed petition and not to plead further,

'amounts to a determination that the plaintiff has no action.'" Id. (quoting Mahoney v.

Doerhoff Surgical Servs., Inc., 807 S.W.2d 503, 506 (Mo. banc 1991)). "In that case, the

judgment of dismissal, although without prejudice, constitutes an adjudication on the

merits and is appealable." Id. at 446-47 (citing Mahoney, 807 S.W.2d at 506). Because in

the instant case, Michael has elected to stand on his dismissed petition, which effectively

 5
bars him from refiling the action in its original form, this Court has jurisdiction to entertain

the appeal.5

 Point One

 In his first point on appeal, Michael argues in summary fashion that the circuit court

erred in granting the Commission's motion to dismiss because it failed to consider the

Petition and the facts pleaded and the inferences drawn therefrom in the light most

favorable to Michael. Michael asserts that specific language contained within the

judgment—"In considering a Motion to Dismiss the Court considers the allegations in the

Petition as true as well as all reasonable inferences" (emphasis added)—supports his

contention that the circuit court in considering all reasonable inferences erred because the

circuit court should have considered only the reasonable inferences in the light most

favorable to Michael. While this single sentence in the judgment may be slightly

inconsistent with Missouri law, on its own, it is insufficient to mandate reversal. We must

consider how the circuit court actually applied its inferences in entering its judgment of

dismissal.

 Our Supreme Court has held that:

 When the plaintiff is an invitee,[6] a possessor of land is subject to liability
 for injuries caused by a condition on the land only if the possessor

 5
 The Commission also urges this Court to dismiss Michael's appeal for his failure to comply with Rule
84.04 in that Michael's initial brief did not include an unbiased statement of facts and his points relied on did not
include a list of authorities relied on. We find that Michael's statement of facts is unbiased, but we note that
Michael's points relied on do not include a list of authorities relied on as required by 84.04(d)(5). However, because
we prefer to decide cases on the merits and are able to discern the nature of Michael's claims without resorting to
advocacy on his behalf or prejudicing the Commission, ex gratia, we decline to dismiss Michael's appeal on this
basis. Nichols v. Belleview R-III Sch. Dist., 528 S.W.3d 918, 927 (Mo. App. S.D. 2017).
 6
 The parties in the instant case agree that Jessica's status at the relevant time was that of an invitee.

 6
 (a) knows or by the exercise of reasonable care would discover the condition,
 and should realize that it involves an unreasonable risk of harm to such
 invitees, and

 (b) should expect that they will not discover or realize the danger or will fail
 to protect themselves against it, and

 (c) fails to exercise reasonable care to protect them against the danger.

Harris, 857 S.W.2d at 225-26 (adopting RESTATEMENT (SECOND) OF TORTS § 343 (1965))

(emphasis added). Therefore, the Petition adequately states a claim if it alleges that the

Commission (1) knew or should have known that the condition on Southside Drive posed

an unreasonable risk of harm, (2) should have expected that Jessica would not realize the

danger or be able to protect herself from it, and (3) failed to use ordinary care to protect

Jessica. Id. at 226. Michael and the Commission agree that the Petition satisfies the first

and third elements, but the parties disagree as to whether the second element has been

sufficiently pled as a matter of law.

 Because the Petition pled that Jessica "paused momentarily to examine the flooded

portion of the road before unsuccessfully, this time, attempting to drive through the flooded

area," the circuit court inferred that Jessica "was aware of the water flowing across the

road, that she considered the danger thereof, and decided to proceed anyway." The circuit

court ultimately held that "when Plaintiff's own pleadings and the reasonable inference

therefrom indicates [Jessica] saw the danger, examined the danger and decided to proceed

anyway, this Court concludes the cause of actions falls under Harris, and must be

dismissed." Therefore, the only question is whether Jessica should have realized the danger

posed by the flooded condition of the roadway.

 7
 In Harris, 857 S.W.2d at 224, Mrs. Harris, while inspecting the progress of a roofing

project, left her three minor children unattended in a vehicle, which was parked on a sloped

roadway in a subdivision. The vehicle rolled down the roadway, through some woods, and

into a lake. Id. The minor children drowned. Id. Because the lake was plainly visible

from Mrs. Harris's parking location, the road obviously sloped down toward the lake, and

the distance from her parking location to the lake was less than 300 feet, the Court

concluded that the condition was open and obvious and that Mrs. Harris should have

realized the danger of parking in that location as a matter of law, and the case should not

have been submitted to a jury. Id.

 However, the instant case is distinguishable from Harris, because the Petition

alleges that Jessica witnessed a vehicle successfully navigate the flooded portion of the

road before she attempted to cross the flooded area, and it was dark outside based on the

fact it was prior to 5:00 a.m., and it was during a significant rainstorm, which caused the

roadway to be flooded. It is not unusual for drivers to encounter water on roadways and

sometimes it is safe for them to drive through. Drivers consider a variety of factors when

determining whether to cross water on a roadway including: the speed of the driver's

vehicle, the depth of the water, its flow rate, the vehicle's size and capabilities, the road's

condition, the availability of alternate routes, and the topography. Evidence regarding

these factors could be adduced at trial, which would allow a juror to infer that Jessica's

decision to proceed across the flooded portion was reasonable.

 Further, the pleadings do not indicate what the depth of the water was at the time

Jessica began crossing the flooded roadway or how quickly the water was rising or falling

 8
at the time she was swept away. Based on the allegations in the petition, evidence could

be adduced at trial from which a reasonable factfinder might infer that it may have been

safe when she began to cross that portion of roadway, but the water level rose rapidly

making the crossing unsafe.

 An "obvious" danger is one in which "both the condition and the risk are
 apparent to and would be recognized by a reasonable man . . . exercising
 ordinary perception, intelligence, and judgment." Smith v. The Callaway
 Bank, 359 S.W.3d 545, 547 (Mo. App. W.D. 2012) (quoting
 RESTATEMENT (SECOND) OF TORTS § 343A(1) cmt. b (1965)).

Ford v. Ford Motor Co., 585 S.W.3d 317, 336 (Mo. App. W.D. 2019). Therefore, because

there was an allegation that Jessica observed a vehicle successfully cross the flooded

portion of the roadway, a fact finder may infer that a reasonable driver in the same position

may have attempted to make the crossing in spite of his or her knowledge of the water on

the roadway. Thus, the reasonableness of Jessica's actions is for a jury to decide. Point

One is well taken.

 Point Two7

 In his second point on appeal, Michael asserts the circuit court failed to properly

construe and apply the meaning of section 343A of the Second Restatement of Torts in that

the Third Amended Petition adequately alleged that the Commission should have

anticipated the harm despite any knowledge or obviousness that may have existed on the

part of Jessica particularly since the roadway was public, and the Commission had known

of the dangerous condition since 2008.

 7
 Although Point One is dispositive, the issue raised in Point Two is likely to recur at trial, and therefore we
address it for the sake of judicial efficiency. See Haynes v. Edgerson, 240 S.W.3d 189, 196 (Mo. App. W.D. 2007).

 9
 Section 343A(1)8 provides:

 A possessor of land is not liable to his [or her] invitees for physical harm
 caused to them by any activity or condition on the land whose danger is
 known or obvious to them, unless the possessor should anticipate the harm
 despite the knowledge or obviousness.

(emphasis added). Therefore, even if the flooded roadway is an open and obvious

condition, the Commission is still liable for Jessica's injuries if a fact-finder determines the

Commission should have anticipated the harm. Additionally, comment f of section

343(A)(1) provides that the possessor's duty of reasonable care:

 may require him to warn the invitee, or to take other reasonable steps to
 protect him, against the known or obvious condition or activity, if the
 possessor has reason to expect that the invitee will nevertheless suffer
 physical harm. . . . Such reason may also arise where the possessor has reason
 to expect that the invitee will proceed to encounter the known or obvious
 danger because to a reasonable man in his position the advantages of doing
 so would outweigh the apparent risk.

 In the instant case, the flooded portion of Southside Drive was the only route

available to drivers to enter or leave the neighborhood where Jessica lived. Because the

petition alleged that the Commission was aware this section of roadway was in the flood

plain and should have known that this was the only route out of the area for numerous

residents, a juror could determine that the Commission should have anticipated that a

person with no alternative means of egress may proceed through the flooded portion of the

roadway. In such cases, comment f of the Restatement provides that the possessor of land

owes a duty to warn.

 8
 Our Supreme Court adopted section 343A(1) as an accurate statement of the law in Harris, 857 S.W.2d at
226.

 10
 Furthermore, in Hellmann v. Droege's Super Market, Incorporated, the Eastern

District of this Court applying section 343A of the Restatement held that a jury should

determine "whether or not the landowner should have anticipated that an invitee would be

harmed, despite the open and obvious hazard." 943 S.W.2d 655, 659 (Mo. App. E.D. 1997)

(en banc). There, the plaintiff slipped and fell on ice on a supermarket's parking lot while

getting into her vehicle after shopping. Id. at 657. The plaintiff admitted that there was

ice on the lot but did not realize how bad it was. Id. The court held that because "there is

no conclusive evidence to suggest that a parking area existed which was totally clear of ice

and which had a clear path for an invitee into the store, or that such an area was available

to the plaintiff at that time," reasonable minds could differ on issues of fact as to whether

the supermarket should have anticipated the harm, did anticipate the harm, and breached

its duty of care. Id. at 659. Similarly, in the instant case, reasonable minds could differ on

issues of fact as to whether the Commission should have anticipated whether drivers in

Jessica's position would continue through the hazard given that there were no alternative

routes. Point Two has merit.

 Conclusion

 We reverse and remand for further proceedings not inconsistent with this opinion.

 __________________________________
 Gary D. Witt, Judge

All concur

 11