DORA ROSENBERG *vs.* CHAPMAN NATIONAL BANK, ET ALS.

NATHAN ROSENBERG *vs.* SAME

(2 cases)

Cumberland.    Opinion October 26, 1927.

*When a landlord provides an outside stairway or other way for the common use of several tenants he is not, except by reason of a special agreement, under any obligation to remove or otherwise dispose of snow and ice which naturally accumulate upon such way.*

*If a landlord knows or should know of a concealed defect in such way, which menaces its safety, it is his legal duty to make it known to a tenant.*

*If a tenement house is provided with a stairway, the common use of which is permitted by the lease to several tenants, the landlord is not under obligation to make such stairway safe, but he is bound to use due care to keep it in a condition as safe structurally as it is in or appears to be in at the beginning of the tenancy.*

*If, by reason of a defect concealed from the tenant, but known or that should be known to the landlord, or if because of the landlord's failure to exercise due care to keep such stairway as safe structurally as it was or appeared to be at the beginning of the tenancy, ice forms upon such way and is the proximate cause of injury to a tenant, or any member of his household, being in the exercise of due care, the landlord will be held liable.*

*A landlord may by special contract bind himself to remove or otherwise dispose of or make safe snow and ice which forms or accumulates, naturally or otherwise, without fault on his part.*

In the present case wherein the wife of a tenant slipped upon an icy outside common stairway and sustained injuries, held that there was no concealed defect, no change in structural condition after the commencement of the tenancy and no sufficient evidence of any contract beyond that implied from the relation of landlord and tenant.

Plaintiffs own contributory negligence precludes recovery.

On report. Two actions, one by the wife of a tenant for personal injuries sustained by falling down a slippery stairway to a tenement owned by defendants, and the other by the husband, Nathan Rosenberg, to recover for money paid out as a result of the injuries and for other damages, alleging in each case negligence of defendants. Judgment for defendants.

The cases fully appear in the opinion.

*Joseph E. F. Connolly,* for plaintiffs.

*Robinson & Richardson,* for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

DEASY, J. These are actions to recover damages for injuries proved to have been suffered by the wife of a tenant and alleged to have been caused by a landlord's negligence.

The plaintiffs, Mr. and Mrs. Rosenberg, occupied, under leasehold from the defendants, one of the second floor tenements in a house on Congress Street, Portland. No description of the house is necessary to an understanding of the case except the following: "It is a three-story house. Each story has a back piazza. The roof of the upper piazza which is superimposed upon the others is not and so far as appears has never been provided with a gutter. From the lowest piazza a short stairway leads downward to the back yard."

The defendants, Mr. and Mrs. Gitlin, had held a mortgage upon the premises and had assigned it to the defendant bank as security for a loan. At the request of Mr. Gitlin the bank began foreclosure and took possession of the mortgaged premises leaving Mr. Gitlin in charge to care for the house and collect rents. The latter employed one of the tenants as janitor.

Thus stood the title and possession when Mrs. Rosenberg suffered the accident on account of which this suit is brought.

On March 9th, 1926, while the stairs and stair rail were coated with ice, the plaintiff, Mrs. Rosenberg, her feet clad in slippers, a pail of garbage in one hand and the other grasping the stair rail, started to go down the steps to empty garbage into a large can in the back yard. She slipped and fell. Thus the accident occurred and her undoubtedly grievous injuries were sustained. The accident happened during daylight hours.

The problem presented concerns the duty of a landlord with reference to a way (in this case a stairway) leading across premises of the landlord to his tenement, over which way he has given to several tenants common rights of passage and use.

A landlord, as such, is subject to no obligation to his tenants to remove or otherwise dispose of snow and ice which naturally accumulates upon such stairway. *Woods* v. *Cotton Co.*, 134 Mass. 359; *Watkins* v. *Goodall*, 138 Mass. 536; *Hawkes* v. *Shoe Co.*, 207 Mass. 117; *O'Donoughue* v. *Moors*, 208 Mass. 473; *Bell* v. *Siegal*, 242 Mass. 381.

It goes without saying that he may by contract assume such obligation.

If a landlord knows or should know of a concealed defect in such a stairway, which menaces its safety, it is his legal duty to make it known to his tenant. *Shackford* v. *Coffin*, 95 Maine, 71; *Minor* v. *Sharon*, 112 Mass. 487; 16 R. C. L. 1042.

The further duty which devolves upon a landlord of exercising due and reasonable care does not require him to *make* such stairways safe but to *keep* them in a condition as safe structurally as they are in or appear to be in at the beginning of the tenancy. *Sawyer* v. *McGillicuddy*, 81 Maine 324; *Miller* v. *Hooper*, 119 Maine 528; *Watkins* v. *Goodall*, supra; *Andrews* v. *Williamson*, 193 Mass. 92; *Hannaford* v. *Kinne*, 199 Mass. 64; *Faxon* v. *Butler*, 206 Mass. 500; 16 R. C. L. 1040.

If by reason of a defect concealed from the tenant but known or that should be known to the landlord or if by reason of the landlord's failure to perform his duty as defined in the last preceding paragraph, ice forms upon such passageway and is the proximate cause of injury to a tenant or any member of his family, being in the exercise of due care, the landlord will be held liable.

Turning now from general principles to the case under consideration.

We have seen that no liability on the part of the landlord, as such, arose through the presence of ice upon the stairway. In the absence of special contracts liability can be established only by evidence that ice was the proximate cause of the injury and that it formed or remained upon the steps and rail through the landlord's fault or breach of duty.

The plaintiffs undertake to supply such evidence by proof that there was no gutter to divert from the stairway, water falling upon the piazza roof. In the declaration the plaintiffs say and several times reiterate that "the roof over the piazza was not provided with a gutter or other contrivance to carry away water." Failure to provide such gutter is the negligence upon which the plaintiffs mainly rely.

But this defect, if it be a defect, was not concealed. It was perfectly apparent. The plaintiffs and their witnesses emphasize its obviousness. They say and reiterate that the absence of a gutter advertised itself by icicles which overhung the stairs. Again, if the piazza roof had once been provided with "a gutter or other contrivance" which had during the tenancy been removed or had decayed or broken down so as to fail in the performance of its functions the case might be brought within the rule above stated. But the condition of the piazza roof, including the absence of a gutter, was the same at the date of the accident as at the beginning of the tenancy.

No breach of legal duty devolving upon them as landlords is shown making these defendants liable in this action.

But the plaintiffs say that by express or implied contract the defendants undertook to keep the steps free from slippery ice. The evidence of an express contract is the testimony of Mrs. Rosenberg corroborated in part by her daughter. Mrs. Rosenberg relates a conversation with the defendant Gitlin. This testimony is not convincing. She says that Gitlin promised "to clean the steps and yard." Assuming that he used this language it is highly improbable that either party contemplated the removal of ice from the yard. But the same promise was made as to both yard and stairs, so says Mrs. Rosenberg. She also says "the same thing that Brass (a former landlord) was giving, he (Gitlin) was to give me." But we find no evidence that Brass ever removed or did anything about ice. Gitlin denies that he made such a promise. The plaintiffs' counsel in his

brief, summarizing the testimony, says that the ice had been upon the steps "many weeks" before the accident. This is undoubtedly true. But it does not appear that either of the plaintiffs complained to Gitlin or even asked the janitor who lived in the same building, to remove ice or put ashes upon it. Mr. Rosenberg was the tenant (so states the declaration) but it is not shown that such promise was ever made to or made known to him.

An express contract is not satisfactorily proved. Evidence of an implied contract is quite as meager.

Proof that Gitlin's janitor or prior landlords or their janitors shovelled snow off the steps does not make out a case. *McKeon* v. *Cutter*, 156 Mass. 296; *McLean* v. *Warehouse Co.*, 158 Mass. 472; *Galvin* v. *Beals*, 187 Mass. 253.

Authorities cited on this branch of the case are indecisive or irrelevant.

One of them (*Erickson* v. *Buckley*, 230 Mass. 476) holds landlord liable under an express contract. But no evidence is reported showing what the contract was or how it was proved. In two cases (*Nash* v. *Webber*, 204 Mass. 419, and *Miles* v. *Janvrin*, 196 Mass. 431 and 200 Mass. 514) evidence tending to show existence or application of landlord's alleged express oral contract was held improperly excluded. In two others (*Watkins* v. *Goodall*, 138 Mass. 536, and *Callahan* v. *Dixon*, 210 Mass. 510) a landlord was held liable under the rule above stated, for failing to keep premises in a condition as structurally safe as they were in when the tenancy began.

The defendants urge that even if such contract were proved damages for its breach cannot be recovered in an action of tort for personal injuries. But it is unnecessary to consider this question, for it is clear that there is no preponderating evidence of such contract either express or implied.

But even if the defendants were guilty of negligence as charged in the writ the plaintiffs are clearly barred from recovering by Mrs. Rosenberg's want of due care. She describes the accident in her direct testimony as follows:

"Q.   When you got to the edge of the piazza, did you see any ice there?

A.   I see the stairs were all slippery and the banister was real slippery.

Q.     What did you do?

A.     I took that pail in my left hand and with my right hand I took hold; I put my right foot on the first step and took hold of the banister, and it was all ice that step and I fell down."

and in cross-examination:

"Q.     You noticed there was snow and ice?

A.     . It was rough; the ice was very deep, it was full of ice.

Q..     You noticed there was snow and ice there before you started down?

A.     Sure I noticed it; that's why I held on the banister and tried to go easy."

She also testified that when the accident happened she had slippers on her feet.

The defendant argues that "if it was negligent for the defendant to allow the ice to remain there, it necessarily was equally as negligent for the plaintiff to knowingly use the steps." This is perhaps not intended as a general statement of law. If so intended we think it is not sound. The test of due care is the suppositious course of an ordinarily prudent and careful person under the same circumstances. Under some circumstances of emergency or urgency a model of prudence and care might knowingly use or attempt to use a stairway negligently made or left very slippery. But the evidence in this case discloses no emergency and no urgency.

We think that an ordinarily prudent and careful person bound on an errand no more urgent than that of the plaintiff, observing the icy condition of both steps and rail, might have waited to ask the janitor to make the stairway safely passable, especially if the landlord had promised that the janitor would do so. Failing in this, such person, before using the stairway, would have cleaned the ice off the steps or strewn ashes upon it or melted the ice off the rail, or at all events, before attempting to negotiate the icy steps with a pail in one hand and the other grasping an ice-coated rail would have put on shoes or rubbers.

Recognizing the burden resting upon them, the plaintiffs in their writs declare that "she, said plaintiff, was at all times in the exercise of due care." In no case among those cited by the plaintiffs' learned

counsel has a Court, deciding the facts, held a course as rash as that of Mrs. Rosenberg to be consistent with due care.

In both cases the entry must be

*Judgment for defendants.*