STATE OF MAINE                   SUPERIOR COURT
CUMBERLAND, ss                                       CIVIL ACTION
                                                     DOCKET NO. CV-06-383
                                                     REC-Cum- 9/19/2007

RICHARD RICKETT and
CAROL RICKETT,
            Plaintiffs

v.

KALEEM S. CLARKSON,                                  ORDER ON
            Defendant/Third-Party Plaintiff          EUGENE WATERS'
                                                     MOTION FOR
v.                                                   SUMMARY JUDGMENT

EUGENE WATERS and                                    DONALD
GENUINE PARTS COMPANY
d/b/a NAPA AUTO PARTS,
            Third-Party Defendants                   JAN 1 5 2008


Before the Court is Third-Party Defendant Eugene Waters' Motion for Summary

Judgment on Defendant/Third-Party Plaintiff Kaleem Clarkson's Third-Party Complaint.

## PROCEDURAL BACKGROUND

Plaintiff Richard Rickett ("Rickett") brought an action for negligence against

Defendant Kaleem S. Clarkson ("Clarkson") to recover for injuries he suffered due to a

vehicular collision between the two. Rickett's wife, Plaintiff Carol Rickett (jointly, the

"Plaintiffs"), has also brought a claim for loss of consortium against Clarkson. Clarkson

then filed Third-Party Complaints against Eugene Waters ("Waters") and Genuine Parts

Company d/b/a NAPA Auto Parts ("NAPA") claiming that he is entitled to judgment

against Waters and/or NAPA for any amount for which he is found liable to the Plaintiffs.

Waters now moves for summary judgment on Clarkson's Third-Party Complaint against

him, which is opposed by Clarkson.

## BACKGROUND

On January 7, 2003, Rickett was driving on Larrabee Road in Westbrook when the truck in which he was driving collided with a vehicle driven by Clarkson. At the time of the collision, Clarkson was an employee of Enterprise Rent-a-Car Company ("Enterprise"), a company located at 160 Larrabee Road, Westbrook, Maine. Clarkson was pulling out onto Larrabee Road when the collision occurred.

Waters is, and was, the owner of land and buildings located at 160 Larrabee Road, Westbrook, Maine, which he leased to Enterprise. In paragraph sixteen (16) of the Commercial Lease Agreement signed between Waters and Enterprise, the parties agreed that "[t]he removal of snow and ice from the sidewalks bordering upon the leased premises shall be Lessor [sic] responsibility." In paragraph seven (7) of the Addendum to the Commercial Lease Agreement, entitled "Parking Area Snow Plowing," Waters again agreed to remove "snow from the lease premise [sic]." The lease offers this definition of "lease premise" [sic]:

> Approximately 2050 square feet of office space in building #1 located at 160 Larabee [sic] Road, Westbrook, Maine, 04092. Parking for up to 25 cars together with the right to use in common, with others entitled thereto, the hallways, stairways, and elevators, necessary for access to said leased premises, and lavatories nearest thereto.

Commercial Lease Agreement, paragraph 2.

At the time of the collision, it is undisputed that there were snowbanks along Larrabee Road, described by Rickett, and not disputed by Clarkson or Waters, to be approximately "eight or nine feet tall." Deposition of Richard Rickett, page 6, lines 9 – 19. One such snowbank was apparently located next to the place where the accessway to the leased premises meets with Larrabee Road. Clarkson contends that the location of

2

the snowbank on January 7, 2003 was included within the definition of "lease premises" [sic] and, therefore, Waters was responsible for the removal of the snow that accumulated as the snowbank. Waters asserts, and there is no evidence to suggest otherwise, that neither Waters nor any of his agents actually created the snowbank or placed any snow on the sidewalk in question.

Waters contends that the snowbank was on land owned by "the City of Westbrook, the State of Maine or NAPA," but not on land owned or controlled by him. Waters' Motion for Summary Judgment, page 2. NAPA owns and operates a business on property adjacent to the leased premises. At the time of the collision, the only vehicular access to the leased premises from a public way (namely, Larrabee Road) was over land owned by NAPA. Clarkson contends that Waters held an easement over the NAPA property by virtue of the fact that the only means of ingress and egress to Larrabee Road from Waters' land (i.e., the leased premises) was over land owned by NAPA. According to Clarkson, therefore, Waters had a duty pursuant to the Commercial Lease Agreement with Enterprise to remove snow from the land constituting the easement and any adjacent sidewalks, including the snowbank primarily at issue in this case.

In his Third-Party Complaint against NAPA, Clarkson asserted that NAPA also had a duty to remove the snow from its property and that NAPA's failure to so remove the snow or, alternatively, NAPA's affirmative act of piling snow into snowbanks along Larrabee Road resulted in the accumulation of large snowbanks at the point of entry/exit from the NAPA premises onto Larrabee Road.

3

## STANDARD OF REVIEW

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Arrow Fastener Co., Inc. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 15, 917 A.2d 123, 126. A genuine issue of material fact exists "when the evidence requires a fact-finder to choose between competing versions of the truth." *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93 ¶ 9, 878 A.2d 504, 507. An issue of fact is material if it "could potentially affect the outcome of the suit." *Id.*

In response to a defendant's motion for a summary judgment, a plaintiff having the burden of proof at trial must present evidence that, if produced at trial, would be sufficient to resist a motion for judgment as a matter of law. *Northeast Coating Technologies, Inc. v. Vacuum Metallurgical Co., Ltd.*, 684 A.2d 1322, 1324 (Me. 1996). This requires the plaintiff to establish a prima facie case for each element of the cause of action. *Id.*

## DISCUSSION

While Clarkson does not set forth his argument in this manner, there are essentially two grounds on which Clarkson could attempt to hold Waters liable in this case: a tort action for breach of the duty of care owed by owners/possessors of land to those on their land and an action for breach of contract related to Waters' promise to remove snow from the leased premises and adjacent sidewalks. The Court will address each of these claims in turn.

## I. Tort Claim: Breach of Duty of Care

The Court first notes that there is some question as to whether or to what extent Waters has some possessory interest in the accessway in question. While both parties agree that Waters does not own the accessway property, neither party denies that Waters did in fact use the accessway. For purposes of this Motion, the Court will assume, without deciding, that Waters did in fact have a possessory interest in the accessway.

It is clear that a possessor of land owes a duty to use reasonable care to all persons lawfully on his premises. *Quadrino v. Bar Harbor Banking & Trust*, 588 A.2d 303, 304 (Me. 1991); *Erickson v. Brennan*, 513 A.2d 288, 289 (Me. 1986). In order to determine whether such a duty is owed, a court must first find that the defendant was, in fact, the possessor of the land at the time of the injury. *Quadrino*, 588 A.2d at 305. A possessor of land is one who "manifests an intent to control the land," but to be deemed "in possession" does not require actual title or ownership. *Denman v. Peoples Heritage Bank, Inc.*, 1998 ME 12, ¶ 4, 704 A.2d 411, 413, quoting *Erickson*, 513 A.2d at 290.

While it is established law that possessors of land owe a duty of care to those on their land, the Law Court has recently stated that "[b]ecause the volume and frequency of snowfall in Maine is so pervasive, the common law in this state has not assigned open-ended responsibility for snow-related accidents." *Alexander v. Mitchell*, 2007 ME 108, ¶ 18, ___ A.2d ___. The *Alexander* court examined a long line of Maine cases that makes clear that "an individual's common law duty will extend only so far in negligence actions related to winter weather." *Id.* ¶ 19, ___ A.2d at ___. Thus, in 1879, the Law Court held that a railroad company had no duty to keep a sidewalk clear of snow and ice where the plaintiff was injured after slipping and falling as he approached the station. *Quimby v.*

*Boston & Me. R.R. Co.*, 69 Me. 340, 341-42 (1879). In 1927, the Law Court again held that there was no duty of care owed to a plaintiff-tenant who fell on icy stairs outside an apartment building owned by the defendant-landlord. *Rosenberg v. Chapman National Bank*, 126 Me. 403, 405, 139 A. 82, 83 (1927). In *Ouelette v. Miller*, the Law Court held that "at common law private individuals are not liable for injuries to others occasioned by natural causes." *Ouelette v. Miller*, 134 Me. 162, 164, 183 A. 341, 342 (1936).

The Law Court confirmed the principle embodied in these earlier decisions in *Denman v. Peoples Heritage Bank, Inc.*, a case in which the plaintiff was injured when she slipped and fell on snow on a public sidewalk abutting the defendant's property. *Denman v. Peoples Heritage Bank, Inc.*, 1998 ME 12, 704 A.2d 411. The plaintiff argued that the defendant was responsible under a City of Portland municipal ordinance to remove snow and ice from public sidewalks and therefore was liable to her for failing to comply with the ordinance. *Denman*, 1998 ME 12, ¶ 5, 704 A.2d at 413. The Law Court, however, rejected this argument, holding that "failure to remove snow and ice in violation of an ordinance does not create a cause of action in favor of pedestrians injured thereby." *Id.* ¶ 6, 704 A.2d at 413. The Law Court further held that even hiring a third party to clear the sidewalk after storms was not sufficient to demonstrate that the defendant had the requisite intent to control and possess the sidewalk such that the defendant owed the plaintiff a duty of care. *Id.*, 1998 ME 12, ¶ 7, 704 A.2d at 414.

The Legislature has echoed the Law Court's sentiments regarding liability for snow-related accidents. For example, while towns are required by statute to clear highways of snow, the Legislature has expressly stated that towns "shall not be liable for accidents while the road surface is covered with snow or ice." 23 M.R.S.A. § 1005-A(1).

6

Based on the case law and statutes cited above and the Law Court's recent *Alexander* opinion, it is clear that a land owner/possessor's duty of care can be and is "defined, limited, and restricted" when winter weather is involved. *Alexander*, 2007 ME 108, ¶ 19, ___ A.2d at ___. It is with this standard in mind that this Court addresses the question of Waters' liability to Clarkson relating to the snowbank on the sidewalk that allegedly caused the accident between Rickett and Clarkson.

The facts of the instant case are similar to those in *Denman*. Both involve a plaintiff trying to hold a landowner responsible for an accident caused by snow on a public sidewalk, not snow located on the landowner's property. In neither case did the defendant-landowner demonstrate any intent to control the sidewalk. Nor is there any evidence that either defendant affirmatively created the snow hazard. Indeed, in the instant case, Waters maintains, and Clarkson produces no evidence to refute, that neither Waters nor any of his agents created the snowbank at issue. Accordingly, this Court adopts the ultimate holding in *Denman* that Waters owed Clarkson no duty of care regarding the snow on the sidewalk abutting his property.

## II.     Contract Claim: Breach of Contract

Clarkson asserts that Waters is liable for the injuries caused by the presence of the snowbank because Waters agreed to remove all snow from sidewalks in the Commercial Lease Agreement executed between Waters and Enterprise. It is undisputed that Clarkson is not a party to the Commercial Lease Agreement. Therefore, the only basis for Clarkson to assert breach of a contractual duty stemming from the Commercial Lease Agreement is as a third-party beneficiary of the contract.

The Restatement (Second) of Contracts states:

7

§ 302 Intended and Incidental Beneficiaries

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

    (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

    (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1981). "An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee." Restatement (Second) of Contracts § 315 (1981). In order for a plaintiff to withstand a motion for summary judgment and proceed as a third party beneficiary, he must generate a genuine issue of material fact whether the parties to the contract intended that he receive an enforceable benefit under the contract. *Denman*, 1998 ME 12, ¶ 9, 704 A.2d at 414. It is not enough that a plaintiff "benefited or could have benefited from the performance of the contract. The intent must be clear and definite." *Id.* ¶ 9, 704 A.2d at 414-15.

It is clear in the instant case that Clarkson is not and never has been an intended beneficiary of the contract between Waters and Enterprise. Indeed, Clarkson, via counsel, admitted as much at oral argument on Waters' Motion for Summary Judgment. As he is not an intended beneficiary, Clarkson is an incidental beneficiary and thus has no rights to enforce the contract or seek damages for breach of the contract against either of the parties to the Commercial Lease Agreement.

8

Finally, Clarkson made additional arguments at oral argument in support of his opposition to Waters' Motion for Summary Judgment that the Court addresses briefly. First, Clarkson argues that Waters can be held liable on these facts because he owed a general duty to provide safe means of egress and ingress to all persons driving over his property, including Clarkson. In connection with this argument, Clarkson argues that Waters may have even had a duty to trespass onto land owned by NAPA to remove snow in order to ensure safe ingress and egress. As Clarkson provides no support or legal basis for these broad assertions that appear to be in conflict with the cases and attitude of the Law Court (see Discussion, Section I *supra*), this Court does not address them any further.

Clarkson's second additional argument at the hearing involves his claim that Waters may have contributed somehow to the placement of the snow on the sidewalk at issue. The Court notes that Clarkson could offer nothing beyond speculation in support of this argument. On the other hand, Waters has submitted an affidavit wherein he attests that neither he nor any of his agents created the snowbank at issue. Affidavit of Eugene Waters, ¶ 8. Waters has also presented the affidavit of Joseph Brenner, who has contracted with Waters to plow the Larrabee Road property for the past decade, and who also attested that he did not create the snowbank. Affidavit of Joseph Brenner, ¶ 11. Moreover, Clarkson filed his Third-Party Complaint against Waters on December 22, 2006. Thus, as of August 30, 2007, the date of the hearing on Waters' Motion, Clarkson had over eight (8) months to conduct discovery to determine whether Waters may have somehow been responsible for the placement of snow on the sidewalk. Based on the

foregoing, there is no record support for Clarkson's argument that Waters may have placed the snow on the sidewalk.

As Clarkson has failed to establish a claim against Waters on both tort and contract grounds, this Court holds that Waters is entitled to judgment as a matter of law.

Therefore, the entry is:

Third-Party Defendant Eugene Waters' Motion for Summary Judgment is GRANTED. Judgment for Eugene Waters on Third-Party Plaintiff Kaleem S. Clarkson's Third-Party Complaint.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _____ day of _____, 2007.

Robert E. Crowley
Justice, Superior Court

10

COURTS
ıd County
ıx 287
ə 04112-0287

GEORGE LINGE ESQ    · Clarkson
DAVID SILK ESQ
CURTIS THAXTER STEVENS BRODER & MICOLEAU
PO BOX 7320

:OURTS
County
287
04112-0287

MICHAEL HAYDEN ESQ    - NAPA
250 SUMMER ST
BOSTON MA 02210

: COURTS
ıd County
ɔx 287
e 04112-0287

ELIZABETH GERMANI ESQ    - Waters
GERMANI & RIGGLE
93 EXCHANGE ST
PORTLAND ME 04101

COURTS
I County
287
04112-0287

THOMAS DOWNING ESQ    - Pity
HARDY WOLF & DOWNING
PO BOX 3065
LEWISTON ME 04243-3065